E-FILED
Monday, 03 May, 2021  02:14:47 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MOBIMEDS, INC. D/B/A THE PILL CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. No. 3:19-cv-3224 |
| | ) | (CSB) (TSH) |
| E-MEDRX SOLUTIONS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF MOBIMEDS, INC. D/B/A THE PILL CLUB MOTION
TO COMPEL DISCOVERY**</u>

**NOW COMES** Plaintiff, MobiMeds, Inc. d/b/a The Pill Club, by and through its attorneys, Frier & Levitt, LLC, and for its Motion to Compel Discovery, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37(a) for an Order compelling Defendants, E-MedRx Solutions, Inc. at Debbie Drennan ("Defendants") to:

1. Provide substantive responses to Interrogatories Nos. 5, 6, 7, 9, 10, 11 and 14.

2. Provide substantive responses to Document Requests Nos. 6-27, 29, 31-45, and 62.

Plaintiff's Memorandum of Law in support of its Motion to Compel (the "Memorandum") and Declaration of A.J. Barbarito ("Declaration") are filed concurrently and are fully incorporated herein by reference. Plaintiff's First Set of Interrogatories is attached as **Exhibit A** to the Declaration. Plaintiff's First Set of Requests for the Production of Documents is attached as **Exhibit B** to the Declaration. Defendants' Response to Interrogatories is attached as **Exhibit C** to the Declaration. Defendants' Response to Requests for the Production of Documents is attached as **Exhibit D** to the Declaration.

1

<u>**LOCAL RULE 3.04 CERTIFICATION**</u>

Plaintiff certifies that counsel for Plaintiff, A.J. Barbarito met and conferred by telephone with Counsel for Defendants, Jordan Pack and Patrick Moran at 4pm CST on April 26, 2021. After sincere efforts to resolve their dispute, counsel are unable to reach an accord.

WHEREFORE, Plaintiff, MobiMeds, Inc. d/b/a The Pill Club, prays that this Court enter an Order granting its Motion to Compel Discovery.

Respectfully Submitted,

MobiMeds, Inc. d/b/a The Pill Club**,** Plaintiff


By:___/s/ A.J. Barbarito_____
Todd Mizeski, NJ Reg. No. 025122001 – Lead Counsel
Steven L. Bennet, NJ Reg. No. 028562009
A.J. Barbarito, NJ Reg. No. 207652018
FRIER & LEVITT, LLC
84 Bloomfield Avenue
Pine Brook, N.J. 07058
Tel. (973) 618-1660
Fax. (973) 618-0650
tmizeski@frierlevitt.com
sbennet@frierlevitt.com

David A. Herman, IL Reg. No. 6211060 – Local Counsel
Matthew R. Trapp, IL Reg. No. 6284154
GIFFIN, WINNING, COHEN & BODEWES, P.C.
1 West Old State Capitol Plaza, Suite 600
Springfield, IL 62701
Tel. (217) 525-1571
Fax. (217) 525-1750
dherman@giffinwinning.com
mtrapp@giffinwinning.com

Counsel for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 3rd day of May 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

James B. Novy jnovy@rfclaw.com
Michael C. Stephenson mstephenson@rfclaw.com
Patrick R. Moran pmoran@rfclaw.com
Attorneys for Defendants


/s/ A.J. Barbarito
A.J. Barbarito, Esq.




A.J. Barbarito, NJ Reg. No. 207652018
(Admitted to CD of IL)
FRIER & LEVITT, LLC
84 Bloomfield Avenue
Pine Brook, N.J. 07058
Tel. (973) 618-1660
Fax. (973) 618-0650
abarbarito@frierlevitt.com

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MOBIMEDS, INC. D/B/A THE PILL CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. No. 3:19-cv-3224 |
| | ) | (CSB) (TSH) |
| E-MEDRX SOLUTIONS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF MOBIMEDS, INC. D/B/A THE PILL CLUB'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

## INTRODUCTION

Plaintiff, Mobimeds, Inc. d/b/a The Pill Club ("Plaintiff" or "TPC") hereby moves this Court to Compel Defendants, E-MedRx Solutions, Inc. ("E-MedRx") and Debbie Drennan ("Drennan") (defendants collectively referred to as "Defendants") to produce discovery that is material and relevant to this case. Plaintiff notified Defendants of the deficiencies in their discovery by letter of April 22, 2021, and counsel discussed those deficiencies on April 26, 2021, but the parties were unable to come to an accord. Defendants remain deficient in their Answers to Interrogatories and with respect to Plaintiff's Requests to Produce documents. Plaintiff seeks documents essentially related to its allegations against Drennan personally, and specifically with respect to its request to pierce the corporate veil of E-MedRx to find Drennan personally liable for Plaintiff's damages. This Court previously recognized by way of Order denying in part Defendants' Motion to Dismiss that Plaintiff was entitled to discovery on this issue. Document #22. Regardless, Defendants have categorically refused to produce any discovery that may lead

1

to admissible evidence as to Debbie Drennan's personal responsibility.  Accordingly, Plaintiff has been forced to file this motion.

In addition to discovery regarding piercing the corporate veil, Plaintiff also seeks discovery relevant to Defendants' allegations that they suffered a "hack" which, they claimed, prevented them from producing Explanations of Benefits ("EOBs") and payment to Plaintiff as required under the parties' contract documents.  Plaintiff also seeks Defendants' policies and procedures with respect to their computer security so that Plaintiff may assess the credibility of Defendants' allegations that they were, in fact, the victim of a cyber crime affecting Plaintiff, as well as all communications between Defendants and any other person or entity regarding the alleged "hack." Finally, Plaintiff seeks all non-privileged reports from any investigator or consultant regarding the subject matter of this action.

Plaintiff's requests are reasonably calculated to lead to the discovery of admissible evidence in this matter, and Defendant may not continue to withhold such evidence.  Accordingly, Plaintiff respectfully requests the Court grant its Motion.

## <u>STATEMENT OF FACTS</u>

Plaintiff operates a pharmacy and, as such, entered into a contract with Defendant E-MedRx, through which E-MedRx agreed to serve as a Pharmacy Services Administration Organization ("PSAO") and fiduciary for Plaintiff.  <u>See, generally,</u> First Amended Complaint, Doc. #13.  As a PSAO, it was E-MedRx's duty to process payments from Pharmacy Benefits Managers ("PBMs") to Plaintiff for claims that Plaintiff submitted to PBMs.  The PBMs submitted payment for claims to E-MedRx, and E-MedRx, in turn, was obligated to process those payments, present Plaintiff with EOBs demonstrating the amount of payments it processed for each claim, and then to submit the payments to Plaintiff.  E-MedRx failed in these contractual obligations,

2

insofar as it failed to regularly submit EOBs and, when it did provide any payment, did not indicate through such payments which claims the payment fulfilled, nor did Defendants ultimately pay all the amounts they owed to Plaintiff, converting and fraudulently misappropriating approximately $2.8 million.  Plaintiff was therefore forced to file its Complaint, alleging, among other things, breach of contract, fraud, conversion and, due in part to the fact that E-MedRx's principal—Drennan—used E-MedRx to perpetrate fraud and conversion, Plaintiff named Drennan personally as a defendant and seeks to pierce the corporate veil to find Drennan personally liable for E-MedRx's actions, as alleged in the Amended Complaint.

Defendants moved to dismiss the Amended Complaint and, on August 17, 2020 this Court filed an Order granting in part and denying in part Defendants' Motion.  Document #22.  The Court granted the Motion as to Plaintiff's "RICO" claim and as to the Accounting claim against Drennan, personally.  The Court denied the remainder of Defendants' motion.  Specifically, with respect to the veil-piercing claim, this Court held,

> Defendants' request to bar corporate veil piercing against Drennan is denied as premature. Drennan is already subject to the full range of discovery, between being EMedRx's CEO and being personally charged with significant claims of wrongdoing vis a vis Plaintiff. Whether Drennan may also be personally liable for damages that EMedRx is found liable for is an issue better suited for resolution as the case, and discovery, pull back the curtain on the relevant facts. [Document #22 at 43.]

The parties proceeded to discovery.

Plaintiff served discovery requests upon Defendants on January 25, 2021.  Declaration of A.J. Barbarito ("Barbarito Decl.") **Exhibit A** and **Exhibit B**.  Defendants responded to Plaintiff's requests on March 3, 2021.  Noting Defendants refused to answer any document requests relevant to Plaintiff's veil-piercing theory, as well as other demands, Plaintiff served Defendants with a discovery deficiency letter on April 22, 2021, and the parties met and conferred by telephone

3

conference on April 26, 2021. During the conference, Defendants stated, despite the relief requested for veil-piercing and the Complaint naming Drennan personally, Defendants did not believe the information Plaintiff sought regarding the formalities, capitalization, and other corporate information relevant to the veil-piercing theory were subject to Plaintiff's demands and refused to produce any such responsive discovery.

Additionally, with respect to the alleged "hack" of E-MedRx, Defendants stated that information related to an alleged FBI investigation of the same might be subject to an investigatory privilege, and that Defendants would have to "check with" the FBI to determine whether Defendants could turn over responsive documents. Defendants had also named the Springfield Police Department and Defendants' insurance company as entities contacted regarding an alleged cybercrime against E-MedRx but failed to provide the names and titles of persons contacted, the dates and times such persons were contacted, and any documents responsive to Plaintiff's requests seeking communications relevant to the alleged "hack" or "cybercrime." Defendants have produced no formal privilege claims from the FBI or any other federal, state or local government agency. Additionally, Defendants categorically refused to identify any reports from any investigators or consultants Defendants retained in connection with the events set forth in the Amended Complaint, stating only that any such reports would be privileged. Due to Defendants' refusal to meet their discovery obligations, Plaintiff was forced to file the immediate Motion.

## LEGAL STANDARD

4

Federal Rule of Civil Procedure 34 governs the use of requests for production of documents and permits inspection of "any designated documents or electronically stored information." Rule 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Unless limited by court order, the scope of discovery extends to 'any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" Whitlow v. Martin, 263 F.R.D. 507, 510 (C.D. Ill. 2009) (quoting Fed.R.Civ.P. 26(b)(1)). Plaintiff seeks relevant responses and documents reasonably calculated to lead to the discovery of admissible evidence. Therefore, Plaintiff respectfully requests the Court grant Plaintiff's Motion.

## ARGUMENT

## I.   DEFENDANTS SHOULD BE COMPELLED TO PRODUCE DISCOVERY

### A. Defendants Should Be Compelled to Answer Interrogatories and Produce Documents Relevant to Piercing the Corporate Veil Because this Court Held Plaintiff was Entitled to Discovery on that Issue

Defendants should be compelled to produce documents relevant to piercing the corporate veil because this Court held, in an Order largely denying Defendants' Motion to Dismiss, that "[w]hether Drennan may … be personally liable for damages that EMedRx is found liable for is an issue better suited for resolution as the case, **and discovery**, pull back the curtain on the relevant facts." Document #22 at 43 (emphasis added). The parties are now in discovery, yet Defendants

5

are holding back all documents relevant to Plaintiff's allegations that Drennan is personally liable under a veil-piercing theory.  Discovery is necessary to further demonstrate Drennan's personal liability.

Illinois courts will pierce the corporate veil if two requirements are met:

> First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.
> [Hystro Products, Inc. v. MNP Corp., 18 F.3d 1384, 1388–89 (7th Cir. 1994).]

To satisfy the "unity of interest and ownership" prong, Illinois courts consider a variety of factors, including,

> [I]nadequate capitalization; failing to issue stock; failing to observe corporate formalities; failing to pay dividends; corporate insolvency; nonfunctioning corporate officers; missing corporate records; commingling funds; diverting assets to an owner or other entity to creditor detriment; failing to maintain an arm's-length relationship among related entities; and whether the corporation is a mere façade for a dominant owner.
> [Wachovia Sec., LLC v. Banco Panamericano, Inc., 674 F.3d 743, 752 (7th Cir. 2012) (citing Fontana v. TLD Builders, Inc., 840 N.E.2d 767, 778 (Ill. App. Ct. 2005)).]

No single factor is determinative.  Ibid. (citing In re Estate of Wallen, 633 N.E.2d 1350, 1357 (1994)).  The discovery Plaintiff seeks is tailored to delve into the facts relevant to this prong, and may therefore lead to the discovery of admissible evidence.

Interrogatories Nos. 5-7 and 9-11 seek information regarding corporate information for E-MedRx, as well as information regarding any loans, property, debts, capitalization, and persons preparing financial statements for E-MedRx.  These interrogatories are tailored to investigate whether E-MedRx is or was adequately capitalized, insolvent, diverted funds to Drennan or any

6

other company, and generally whether it was a "mere façade" for Drennan. Ibid.  Plaintiff's document requests are likewise tailored to gather this relevant evidence.

Document Requests No. 9-25 and 27 all seek corporate and financial documents relevant to the "unity of interest and ownership" prong, including but not limited to documents related to assets and loans among the Defendants to discover whether E-MedRx was properly capitalized, whether the Defendants commingled their funds, and whether Drennan was a preferred creditor or debtor. Plaintiff also seeks copies of E-MedRx's corporate documents and minutes of board of directors and shareholder meetings to discover whether Defendants followed corporate formalities, whether any corporate records are missing, whether there were any non-functioning corporate officers, and whether and when stock was issued for the corporation, among other relevant inquiries.  Plaintiff also seeks documents related to the Defendants' tax returns, which are likely to further demonstrate whether E-MedRx was used improperly by Drennan to divert or commingle funds. All of these requests align with the factors Illinois courts examine to pierce the corporate veil and are therefore reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff seeks documents from Drennan related to another entity with which she is associated; Blue Sky Billing Solutions, Inc. ("Blue Sky").

Drennan's association with Blue Sky calls into question whether she has diverted funds from E-MedRx to Blue Sky in order to further perpetrate a fraud or otherwise intermingle assets between E-MedRx, herself, and Blue Sky.  Thus, for the same reasons Plaintiff requires the above information related to Drennan and E-MedRx, Plaintiff requires such information related to Drennan and Blue Sky.  Furthermore, Plaintiff requires discovery related to the second prong of the veil piercing test, whether "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice."  Wachovia, 674 F.3d at 752.

7

"Illinois law endorses veil piercing to avoid unfair enrichment, permitting the creator of a liability and cause of the inability to meet that liability to escape responsibility…." Id. at 756. Thus, where a corporate owner uses "corporate facades to avoid … responsibilities to creditors; or [that owner] will be 'unjustly enriched'" if personal liability is escaped, the second prong is satisfied. Sea-Land Services, Inc. v. Pepper Source, 993 F.2d 1309, 1312 (7th Cir. 1993) (quoting Sea-Land Services, Inc. v. Pepper Source, 941 F.2d 519, 525 (7th Cir. 1991)). Evidence of this prong includes but may not be limited to evidence showing that the transition of assets between commonly owned corporations was purposeful.  See, e.g., Van Dorn Co. v. Future Chem. & Oil Corp., 753 F.2d 565, 572 (7th Cir. 1985) (upholding district court's holding that transitioning funds between corporations and into personal salary was unjust).  Here, Plaintiff seeks discovery regarding whether Drennan moved funds between herself, E-MedRx, and Blue Sky in a manner to increase assets for herself and Blue Sky, and to de-capitalize E-MedRx in such a way as to essentially make it judgment proof.  Accordingly, Plaintiff is entitled to discovery of documents that will likely lead to admissible evidence on this issue.

For the foregoing reasons, Plaintiff is entitled to discovery as to Requests ## 8-25, 27, 32-45, seeking corporate documents and information regarding exchanges of funds between Drennan and E-MedRx and non-party Blue Sky, and other financial documents related to E-MedRx and Blue Sky, as well as answers to Interrogatories Nos. 5, 6, 7, 9, 10, 11.  Plaintiff therefore respectfully requests the Court grant its Motion.

### B. Defendants Should Be Compelled to Answer Interrogatories and Produce Documents Relevant to the alleged "hack" against E-MedRx

Defendants should be compelled to respond to Interrogatory No. 15 and Requests for Production Nos. 29, 31, and 62, which seek information related to the alleged "hack" Defendants claim occurred and disrupted Defendants' ability to meet their contractual obligations. See Document #13 at ¶¶30, 39, 63-64. Defendants' statements regarding the hack were used to further their fraudulent scheme against Plaintiff, and Plaintiff requires information about the alleged hack to further support its allegations that any such hack did not and could not affect the business relationship between the parties and, therefore, that Defendants made materially fraudulent statements regarding the alleged hack. Accordingly, Defendants should be compelled to produce this discovery.

During the parties' conference on April 26, 2021, Defendants stated they must contact the FBI to learn whether they could produce some of the responsive documents, and Plaintiff stated they should do so; however, Defendants offered no definitive time in which they would accomplish such contact. Accordingly, Plaintiff seeks an order from the Court requiring Defendants to immediately contact the FBI to determine whether they can produce any documents over which the FBI may claim investigative privilege. Notwithstanding any contact with the FBI, Plaintiff may not itself assert the investigative privilege to withstand producing responsive documents in its possession in this case.

A party claiming the law enforcement investigative privilege bears the burden of justifying the application of the privilege. Doe v. Hudgins, 175 F.R.D. 511, 514 (N.D.Ill.1997). To even assert the law enforcement investigative privilege, a "responsible **official in the department** must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the

9

scope of the privilege." <u>Hallett v. Vill. of Richmond</u>, 2006 WL 2088214, at *2 (N.D. Ill. July 25, 2006) (citing <u>United States v. Winner</u>, 641 F.2d 825, 831 (10th Cir.1981) and <u>Holten v. City of Genoa</u>, 2003 WL 22118941, at *2 (N.D.Ill. Sept. 12, 2003)) (emphasis added). Defendants have produced no formal claim of privilege from the FBI, and therefore cannot assert the investigative privilege with respect to the subject documents.

Even if Defendants did produce a formal privilege claim from any investigative department, that does not excuse their failure to produce documents in their own possession related to the alleged "hack" or respond to interrogatories regarding the dates, times, and specific persons contacted with respect to the hack. Defendants have also failed to excuse their deficiency in producing their policies and procedures with respect to their cyber security measures. These documents may lead to the discovery of admissible evidence because they will allow Plaintiff to test the credibility of Defendants' claims that a hack ever occurred. For all the above reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion as to Interrogatory No. 15 and Requests for Production Nos. 29, 31, and 62.

### C. Defendants Should Be Compelled to Produce Non-Privileged Documents Produced through Private Investigation or Consultants Regarding the Facts at Issue in this Matter

Finally, Defendants have refused to produce documents related to reports from investigators or consultants regarding the matters at issue in this case and should be compelled to produce such non-privileged documents that exist. Defendants stated generally that they believe any such documents should be privileged, but have not actually asserted privilege as to any particular document, stating instead that documents responsive to Request No. 39, seeking "Copies of any reports prepared by investigators or consultants for either of the Defendants with regard to

the matters which are the subject of this action," are not subject to discovery.  Defendants are incorrect.

Privilege and work product protections are not broadly construed. <u>Jenkins v. Bartlett</u>, 487 F.3d 482, 490 (7th Cir. 2007) ("because … privilege is in derogation of the search for the truth, it is construed narrowly"); <u>see also</u> <u>United States v. Lawless</u>, 709 F.2d 485, 487 (7th Cir. 1983) (scope of privilege should be "strictly confined within the narrowest possible limits").  In Illinois, the work-product doctrine "protects against disclosure of the theories, mental impressions, or litigation plans of (a) party's attorney," but does not protect consultants' reports containing "objective and material information" that do not "reflect or disclose the theories, mental impressions or litigation plans of [] attorneys" nor are "the product of the attorneys' mental process." <u>Consolidation Coal Co. v. Bucyrus-Erie Co.</u>, 89 Ill. 2d 103, 111–12, 432 N.E.2d 250, 253-54 (1982).  Thus, contrary to Defendants' position, the subject documents are not categorically immune from production.

Plaintiff seeks any reports from investigators or consultants relevant to this case.  If such reports exist, and do not reflect Defendants' attorneys' mental impressions or litigation plans, then those reports should be disclosed.  Accordingly, Defendants may not categorically refuse to produce such documents.  If responsive, non-privileged documents exist, Defendants must produce them.  Therefore, Plaintiff respectfully requests the Court Compel production of those documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Compel Discovery.

Respectfully Submitted,

MobiMeds, Inc. d/b/a The Pill Club**,** Plaintiff

By: ___*/s/ A.J. Barbarito*___

Todd Mizeski, NJ Reg. No. 025122001 – Lead Counsel
Steven L. Bennet, NJ Reg. No. 028562009
A.J. Barbarito, NJ Reg. No. 207652018
FRIER & LEVITT, LLC
84 Bloomfield Avenue
Pine Brook, N.J. 07058
Tel. (973) 618-1660
Fax. (973) 618-0650
tmizeski@frierlevitt.com
sbennet@frierlevitt.com

David A. Herman, IL Reg. No. 6211060 – Local Counsel
Matthew R. Trapp, IL Reg. No. 6284154
GIFFIN, WINNING, COHEN & BODEWES, P.C.
1 West Old State Capitol Plaza, Suite 600
Springfield, IL 62701
Tel. (217) 525-1571
Fax. (217) 525-1750
dherman@giffinwinning.com
mtrapp@giffinwinning.com

Counsel for Plaintiff