E-FILED
Friday, 30 July, 2021  02:42:06 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MOBIMEDS, INC. d/b/a THE PILL CLUB, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-3224 |
| E-MEDRX SOLUTIONS, INC., and DEBBIE BRENNAN, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Mobimeds, Inc. d/b/a The Pill Club's (The Pill Club) Motion to Compel Discovery (d/e 33) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

The Pill Club is a retail pharmacy in California. The Pill Club signed a contract with Defendant E-MedRx Solutions, Inc. (E-MedRx) to perform services as a Pharmacy Services Administration Organization (PSAO) for The Pill Club. A PSAO processes pharmacy insurance claims submitted to Pharmacy Benefit Managers (PBMs) that manage pharmacy benefits plans offered by insurers. The Pill Club alleges that E-MedRx and its chief

executive officer Defendant Debbie Drennan (Drennan) "engaged in a
pattern of fraud and deceit with the purpose of diverting funds meant for the
Plaintiff for their own benefit."  First Amended Complaint and Jury Trial
Demand (d/e 13) (Amended Complaint) ¶2.

As part of the claims process, E-MedRx was required to provide an
Explanation of Benefits (EOB) to The Pill Club with each payment of an
insurance claim so that The Pill Club could track which claims were paid
and how much was paid on each claim.  See Amended Complaint ¶¶ 9-15.
The Pill Club alleges that E-MedRx failed to remit monies due or provide
required EOBs.  The Pill Club alleges that E-MedRx owes it at least $2.5
million in unpaid remittances.  Amended Complaint ¶ 20.

The Pill Club alleges Drennan evaded The Pill Club's efforts to get
accurate EOBs and payments.  The Pill Club alleges Drennan made false
and evasive statements from September 2018 through April 2019 to avoid
paying The Pill Club.  Amended Complaint ¶¶ 21-30.  The Pill Club
contends that on February 17, 2019, Drennan told The Pill Club
representatives the E-MedRx was the victim of a computer hack.  She
stated that the FBI was involved and that "it's not likely to recoup money."
Amended Complaint ¶ 30.   The Pill Club alleges that Drennan repeated
the story about the computer hack to The Pill Club's agents:

Furthermore, Drennan has sent multiple emails and other communications to Plaintiff's agents stating that E-MedRx was the victim of a "hack" through which E-MedRx lost funds allegedly belonging to Defendants; that there was an ongoing FBI investigation into such hack; and that she was in constant contact with an FBI agent named "Brian" regarding the alleged hack. To date, neither Drennan nor E-MedRx have produced evidence of such a hack or informed Plaintiff of any amounts by which Plaintiff may have been damaged as a result thereof.

Amended Complaint ¶ 39.

The Pill Club also alleges that Drennan and E-MedRx were so

connected that the separate corporate existence of E-MedRx should be

disregarded:

Moreover, Defendant Drennan's actions and inaction on behalf of E-MedRx, including but not limited to her assertion of personal problems in an attempt to defer the responsibilities of the corporation demonstrate such unity of interest and ownership in E-MedRx that the separate personalities of the corporation and Drennan no longer exist, and that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice upon Plaintiff.

Amended Complaint ¶ 41.

Based on these allegations, The Pill Club asserted state law claims

for breach of contract, fraud, breach of fiduciary duty, conversion, an

accounting, and violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act, 815 ILCS 505/1 et seq.  Amended Complaint,

Counts I, II, III, IV, V, VI, and VIII.  The Pill Club also asserted a federal

claim for violation of the Racketeering Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. § 1964.  <u>Amended Complaint</u>, Count

VII.  The Pill Club asked the Court in its Prayer for Relief "to pierce the

corporate veil of E-MedRx and find Defendant Drennan personally liable for

all damages awarded against E-MedRx and Debbie Drennan, personally."

<u>Amended Complaint</u>, <u>Prayer for Relief</u> ¶ 1.i.

E-MedRx moved to dismiss all the claims except one breach of

contract claim in Count I of the Complaint.  The Court dismissed the

accounting claim against Drennan and dismissed the RICO claim with

leave to replead.  <u>Opinion entered August 17, 2020 (d/e 22) (Opinion 22)</u>,

at 44.

Defendants also asked the Court to dismiss The Pill Club's allegation

and the Prayer for Relief to pierce the corporate veil of E-MedRx and hold

Drennan personally liable for E-MedRx's alleged wrongful conduct.  The

District Court denied this request:

> Defendants' request to bar corporate veil piercing against
> Drennan is denied as premature. Drennan is already subject to
> the full range of discovery, between being E-MedRx's CEO and
> being personally charged with significant claims of wrongdoing
> vis a vis Plaintiff. Whether Drennan may also be personally
> liable for damages that E-MedRx is found liable for is an issue
> better suited for resolution as the case, and discovery, pull back
> the curtain on the relevant facts.

<u>Opinion 22</u>, at 43.

On January 25, 2021, The Pill Club served interrogatories and requests to produce on Defendants.  <u>Motion</u>, attached <u>Declaration of A.J. Barbarito (Barbarito Declaration)</u>, Exhibit A, <u>Plaintiff's Rule 33 Interrogatories (Interrogatories)</u>, and Exhibit B, <u>Plaintiff's First Set of Requests for Production of Documents to Defendants (Production Requests)</u>.  Defendants responded on March 3, 2021.  The Pill Club wrote Defendants noting deficiencies in the responses.  The parties met and conferred but could not resolve their differences.  The Pill Club then filed this Motion.  The Pill Club asks the Court to compel complete substantive responses to Interrogatories Nos. 5, 6, 7, 9, 10, 11, and 14, and to Production Requests Nos. 6-27, 29, 31-45, and 62.  Defendants oppose the Motion.

<u>ANALYSIS</u>

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The discovery sought must also be proportional to the needs of the case.  The rule gives the district courts broad discretion in matters relating to discovery.  <u>See</u> <u>Brown Bey v. United</u>

<u>States</u>, 720 F.2d 467, 470 471 (7th Cir.1983); <u>Eggleston v. Chicago</u>

<u>Journeymen Plumbers' Local Union 130</u>, 657 F.2d 890, 902 (7th Cir.1981);

<u>see also</u>, <u>Indianapolis Colts v. Mayor and City Council of Baltimore</u>, 775

F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a

decision of a district court relating to discovery upon a clear showing of an

abuse of discretion).

The federal discovery rules are to be construed broadly and liberally.

<u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); <u>Jeffries v. LRP Publications,</u>

<u>Inc.</u>, 184 F.R.D. 262, 263 (E.D. Pa. 1999).  The party opposing discovery

has the burden of proving that the requested discovery should be

disallowed.  <u>Etienne v. Wolverine Tube, Inc.</u>, 185 F.R.D. 653, 656 (D. Kan.

1999); <u>Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.</u>, 132

F.R.D. 204, 207 (N.D. Ind. 1990); <u>Flag Fables, Inc. v. Jean Ann's Country</u>

<u>Flags and Crafts, Inc.</u>, 730 F. Supp. 1165, 1186 (D. Mass. 1989).  With

these principles in mind, the Court addresses each discovery request at

issue.

<u>Interrogatory No. 5</u>

Interrogatory No. 5 states:

With regard to E-MedRx, state the full legal name of the
corporation as it appears on the Certificate of Incorporation
issued by the Secretary of State as well as each registered
trade name, d/b/a/ name, or popular name under which the E-

MedRx does business or has done business within the past five years.

Motion, attached Declaration of A.J. Barbarito (Barbarito Declaration),

Exhibit A, Plaintiff's Rule 33 Interrogatories (Interrogatories), Interrogatory

No. 5.

Defendants responded:

ANSWER: Defendants object to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome and disproportional to the needs of the case. Defendants further object on the grounds that this interrogatory seeks information that is not relevant to any claim or defense, and information that is equally available to Plaintiff from the Illinois Secretary of State's website.

Barbarito Declaration, Exhibit C, Defendants' Answers to Plaintiff's First Set

of Rule 33 Interrogatories (Answer to Interrogatories), Answer to

Interrogatory No. 5.  The objection is overruled.  The interrogatory is not

burdensome to answer because the Defendants should readily know the E-

MedRx's full legal name and any trade names and assumed names used to

do business.  The Secretary of State's office also may or may not have all

d/b/a information.

The interrogatory is relevant or may lead to relevant information

regarding whether E-MedRx has maintained its separate corporate identity.

The request is relevant to The Pill Club's allegation that the Court should

pierce the corporate veil, disregard its separate corporate existence, and

hold Drennan liable for E-MedRx's alleged wrongful conduct. The District Court denied Defendants' motion to dismiss this aspect of the Amended Complaint. Whether E-MedRx's corporate veil should be pierced is clearly at issue in this case. The District Court's stated that the discovery process would "pull back the curtain on the relevant facts" on the question of whether to pierce the corporate veil. Defendants arguments and interpretations of the District Court's Opinion 22 to the contrary are not persuasive.

Defendants also contend that discovery on whether to pierce the corporate veil are not appropriate because such issues are to be addressed post-judgment only. The Court again disagrees. Such issues may be addressed in post-judgment collections proceedings, but parties may also allege a claim to pierce the corporate veil in the original complaint against the corporation and its principal, as The Pill Club did here. See e.g., See, e.g., Angell v. Santefort Family Holdings LLC, 2020 IL App (3d) 180724 ¶¶ 20-30, 2020 WL 3127404, at *3-*6 (Ill. App. 3$^d$ March 17, 2020), petition for leave to appeal denied, 159 N.E.3d 939 (Ill. 2020) (ruling on piercing the corporate veil at summary judgment rather than post-judgment); see also Illinois Mine Subsidence Ins. Fund v. Union Pac. R.R.

Co.,  2019 WL 4015883, at *20-*26 (C.D. Ill. August 26, 2019) (addressing

piercing the corporate veil at trial on the merits and not post-judgment).

Defendants also argue that The Pill Club did not adequately allege a

claim to pierce the corporate veil.  The District Court already decided that

The Pill Club adequately alleged such a claim and that "Defendants'

request to bar corporate veil piercing against Drennan is denied as

premature."  Opinion 22, at 43.  The District Court also said the sufficiency

of the claim to pierce the corporate veil would be made known in discovery.

Id.  The Pill Club can discover information related to its claim to pierce the

corporate veil.  The objections to Interrogatory No. 5 are overruled and

Defendants are ordered to provide a complete answer to the interrogatory.

Interrogatory No. 6

Interrogatory No. 6 states:

Summarize how the Defendant was capitalized upon its
incorporation, including the identity of each person or entity who
purchased or subscribed to stock in E-MedRx and the number
and price of shares.

Interrogatories, Interrogatory No. 6.

Defendants responded:

ANSWER: Defendants object to this interrogatory on the
grounds that it is overly broad in scope, unduly burdensome,
not relevant to any claim or defense and disproportional to the
needs of this case.

<u>Answer to Interrogatories</u>, <u>Answer to Interrogatory No. 6</u>.  The objection is

overruled for the reasons stated in regard to the objections to Interrogatory

No. 5.  The information requested is relevant to the issue of whether to

pierce the corporate veil.  The Defendants are ordered to provide a

complete answer to Interrogatory No. 6.

<u>Interrogatory No. 7</u>

 Interrogatory No. 7 states:

 Has E-MedRx ever loaned, advanced, or gifted money to
 Debbie Drennan?

<u>Interrogatories</u>, <u>Interrogatory No. 7</u>.

 Defendants responded:

 ANSWER: Defendants object to this interrogatory on the
 grounds that it is overly broad in scope, unduly burdensome,
 not relevant to any claim or defense and disproportional to the
 needs of this case.

<u>Answer to Interrogatories</u>, <u>Answer to Interrogatory No. 7</u>.  The objection is

overruled for the reasons stated in regard to the objections to Interrogatory

No. 5.  The information requested is relevant to the issue of whether to

pierce the corporate veil.  The Defendants are ordered to provide a

complete answer to Interrogatory No. 7.

Interrogatory No. 9

Interrogatory No. 9 states:

During the past five years, has E-MedRx forgiven any debts owed to it?

Interrogatories, Interrogatory No. 9.

Defendants responded:

ANSWER: Defendants object to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, not relevant to any claim or defense and disproportional to the needs of this case.

Answer to Interrogatories, Answer to Interrogatory No. 9.  The objection is overruled in part.  Forgiving debts to benefit Drennan may be relevant to The Pill Club's piercing the corporate veil claim but forgiving other debts to unrelated parties would not be particularly relevant and might be burdensome to E-MedRx's other business relationships.  The Court, in its discretion, modifies Interrogatory No. 9.  The Defendants shall answer the following Modified Interrogatory No. 9:

During the five years prior to January 25, 2021 (the date of the Interrogatories), has E-MedRx forgiven any debts owed to it by Drennan, her relatives, or any business entity in which Drennan or one of her relatives has or had an ownership interest?

For purposes of this Modified Interrogatory No. 9 and throughout this Opinion:  the term "relatives" means Drennan's spouse (if any), former spouses (if any), ancestors and spouses of ancestors, descendants and

spouses of descendants, and siblings and spouses of siblings; and the term "business entity" means any incorporated or unincorporated entity engaged in any business, including but not limited to any corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, or trust.

Interrogatory No. 10

Interrogatory No. 10 states:

> Does the E-MedRx own or lease any real property?

Interrogatories, Interrogatory No. 10.  Defendants responded:

> ANSWER: Defendants object to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, not relevant to any claim or defense and disproportional to the needs of this case.

Interrogatories, Interrogatory No. 10.  The objection is overruled in part. Owning property leased to Drennan or leasing property from Drennan may be relevant to The Pill Club's piercing the corporate veil claim but owning property generally would not be relevant and leasing property to or from unrelated entities would not be relevant.  Disclosure of such information might be burdensome to E-MedRx's other business relationships, particularly relationships with lessors or lessees.  The Court, in its

discretion, modifies Interrogatory No. 10.  The Defendants shall answer the

following Modified Interrogatory No. 10:

> Does the E-MedRx lease any property from or to Drennan, her
> relatives, or any business entity in which Drennan or one of her
> relatives has or had an ownership interest?

The Defendants shall answer the Modified Interrogatory No. 10 above.

Interrogatory No. 11

> Interrogatory No. 11 states:

> During the past five years, has any person prepared a balance
> sheet, income (profit and loss) statement, cash statement, or
> annual report concerning the Defendant's financial activities? If
> so, for each such person, state the identity of the person,
> including their business address and business telephone
> number; the documents prepared by the person and the dates
> on which they were prepared and the current location of the
> documents and the identity of the person with custody of them.

Interrogatories, Interrogatory No. 11.

> Defendants responded:

> ANSWER: Defendants object to this interrogatory on the
> grounds that it is overly broad in scope, unduly burdensome,
> not relevant to any claim or defense and disproportional to the
> needs of this case.

Answer to Interrogatories, Answer to Interrogatory No. 11.  The objection is

overruled to the extent that the term "the Defendant's" in Interrogatory No.

11 means E-MedRx.  This qualification regarding the term "the

Defendant's" is proportionate to the needs of the case.  E-MedRx's

financial documents are relevant to The Pill Club's piercing the corporate veil claim. Requiring the disclosure of all of Drennan's personal finances would not be proportionate to the needs of this case. Drennan may have financial information totally unrelated to E-MedRx. The District Court also dismissed the claim for an accounting against Drennan. The Defendant shall answer Interrogatory No. 11, in full, with respect to Defendant E-MedRx only.

Interrogatory No. 14

Interrogatory No. 14 states:

Identify every person or entity Defendants notified or otherwise communicated with regarding any alleged "Hack" upon E-MedRx at any time E-MedRx has operated as a PSAO, including the name and title of each person, the dates on which such communications were made, the phone number or email address by which that person can be contacted, and the content of the communication with the person or entity.

Interrogatories, Interrogatory No. 14.

Defendants responded:

ANSWER: Defendants object to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, not relevant to any claim or defense and disproportional to the needs of this case. Defendant objects to this interrogatory on the grounds that it seeks information protected by the law enforcement privilege, insurer-insured privilege, attorney-client privilege and/or work-product doctrine. Subject to and without waiving these objections, Defendants communicated with Special Agent Mark Phelps, the Springfield police department,

and Defendants' insurance company regarding a cybercrime against E-MedRx.

Answer to Interrogatories, Answer to Interrogatory No. 14.  The Court overrules the objection that the interrogatory is overly broad in scope, unduly burdensome, not relevant to any claim or defense and disproportional to the needs of this case.  The truthfulness of the alleged representations that E-MedRx was the subject of a computer hack is directly relevant to the breach of contract, fraud, and deceptive business practices claims at least.  The objection that the interrogatory requested privileged information is not a proper basis to object because a party is not obligated to provide privileged information in response to a discovery request.  Fed. R. Civ. P. 26(b)(1).  Defendants may withhold privileged documents.

Defendants, however, must provide a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  Defendants argue that a privilege log is not required.  That is incorrect.  Rule 26(b)(5) states that a party that asserts a privilege must both assert the privilege and provide a privilege log that meets the requirements of Rule 26(b)(5)(A)(ii).  The

Defendants are ordered to produce the responsive unprivileged

documents and provide a privilege log that meets the requirements of Rule

26(b)(5)(A)(ii) for the documents withheld based on claims of privilege.

Production Request No. 6

> Production Request No. 6 asks for:
>
> All records of every claim submitted by The Pill Club to E-
> MedRx, including all records of every claim E-MedRx
> processed on behalf of Plaintiff, including but not limited to all
> remittance advices, explanations of benefits ("EOBs"), and any
> communications between EMedRx and any PBM or other payor
> of pharmacy benefits relating to any claim submitted by or on
> behalf of E-MedRx.

Production Requests, Request No. 6.

> Defendants responded:
>
> RESPONSE: Defendants object to this request on the grounds
> theit (sic) is overly broad, unduly burdensome and vague.
> Defendants further object to this request on the grounds that it
> requires disclosure of PHI governed by HIPAA. Subject to and
> without waiving these objections, see documents labeled
> DEFS0001-DEFS0037, DEFS0159-DEFS441 and redacted
> versions of DEFS0442-DEFS1983. An unredacted version of
> DEFS0442-DEFS1983 will be produced upon the entry of a
> mutually agreed upon protective order. Investigation continues.

Barbarito Declaration, Exhibit D, Defendants' Responses to Plaintiff's First

Set of Rule 34 Requests for Production of Documents (Production

Response), Response No. 4.  The objections that the request is overly

broad, unduly burdensome, and vague are overruled.  The documents

requested are directly relevant to The Pill Club's breach of contract claims and potentially other claims.

Defendants produced some documents.  Defendants must produce all withheld unprivileged documents and must provide a privilege log that meets the requirements of Rule 26(b)(5)(A)(ii) for all documents withheld or redacted under a claim of privilege, including documents withheld or redacted because the documents are governed by the Health Insurance Portability and Accountability Act (HIPAA).  Fed. R. Civ. P. 26 (b)(5)(A)(ii).

The Defendants are willing to agree to entry of a HIPAA qualified protective order.  The Court directs the parties to confer and submit an agreed proposed HIPAA qualified order by August 16, 2021.  If the parties cannot agree on a proposed order, each party shall submit a proposed HIPAA qualified protective order by August 26, 2021.  The Court will an enter an appropriate HIPAA protective order.  Upon the entry of the HIPAA qualified order, Defendants are ordered to produce unredacted copies of documents and all documents withheld because they were governed by HIPAA.

<u>Production Request No. 7</u>

Production Request No. 7, asks for:

All Documents demonstrating E-MedRx's accounting of all monies paid and/or owed by E-MedRx to The Pill Club.

Production Requests, Request No. 7.

    The Defendants responded:

    RESPONSE: Defendants object to this request on the grounds that it is vague and ambiguous ("accounting of all monies paid and/or owed"), overly broad, unduly burdensome and disproportionate to the needs of this case. Defendants further object to this request on the grounds that it requires disclosure of PHI governed by HIPAA. Subject to and without waiving these objections, see DEFS0001-DEFS0037, DEFS0159-DEFS441 and redacted versions of DEFS0442-DEFS1983. An unredacted version of DEFS0442-DEFS1983 will be produced upon the entry of a mutually agreed upon protective order. Investigation continues.

Production Response, Response No. 7.  The objection that Request No. 7 is vague and ambiguous ("accounting of all monies paid and/or owed"), overly broad, unduly burdensome and disproportionate to the needs of this case is overruled.  The request is, at least, relevant to the breach of contract claim.  The Court directs Defendants to produce all documents withheld on the basis of these objections.

    With respect to Defendants' redacting or withholding of documents governed by HIPAA, the parties are to follow the Court's directions set forth in connection with Request No. 6 above.  Upon the entry of a HIPAA qualified order, Defendants shall produce responsive unredacted documents that are not otherwise subject to a claim of privilege other than being governed by HIPAA, and Defendants shall provide a privilege log that

meets the requirements of Rule 26(b)(5)(A)(ii) for all documents withheld

on claims of privilege.

<u>Production Request No. 8</u>

Request No. asks for:

All Communications between and among Drennan and all E-
MedRx employees, subordinates, independent contractors,
managers, officers, or other persons involved in the operation
of E-MedRx discussing or related to The Pill Club.

<u>Production Requests</u>, <u>Request No. 8</u>.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is vague and ambiguous ("accounting of all monies paid
and/or owed"), overly broad, unduly burdensome and
disproportionate to the needs of this case. Defendants further
object to this request on the grounds that it is not relevant to
any claim or defense, because it seeks any communication
related in any way to the Pill Club beyond the issues raised in
this lawsuit. Defendants further object to the extent this request
seeks information protected by the attorney-client privilege
and/or work-product doctrine. Defendants further object to the
extent this request requires Defendants to create documents
reflecting oral communications. Subject to and without waiving
these objections, see documents DEFS0159-DEFS441.

<u>Production Response</u>, <u>Response No. 8</u>.  The objections that the request is

vague, ambiguous, overly broad, unduly burdensome, and disproportionate

to the needs of the case is overruled.  Statements regarding The Pill Club

are relevant to the claims in this case.  The objection that the request

requires Defendants to create documents is sustained.  Defendants are not

required to create documents but only produce existing documents that reflect oral communications.

Defendants have produced documents.  Defendants must produce any unprivileged documents withheld pursuant to the Defendants' objections.  Defendants must also produce a privilege log that meets the requirements of Rule 26(b)(5)(A)(ii) for all documents withheld on claims of privilege.

Production Request No. 9

Production Request No. 9 asks for:

All Documents, including all statements, deeds, invoices, receipts, prospectus, or other documents demonstrating all assets owned in whole or in part by Drennan.

Production Requests, Request No. 9.

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object to the extent this request seeks to conduct premature damages discovery.

Production Response, Response to Request No. 9.  The objection that the request is disproportionate to the needs of this case is sustained.  The request for documents reflecting all of Drennan's personal assets is overly broad and not proportionate to the needs of the case, particularly in light of

the fact that the District Court dismissed the claim against her for an

accounting.

Production Request No. 10

   Production Request No. 10 asks for:

   All Documents, including all statements, deeds, invoices,
   receipts, prospectus, or other documents demonstrating all
   assets owned in whole or in part by E-MedRx.

Production Requests, Request No. 10.

   Defendants responded:

   RESPONSE: Defendants object to this request on the grounds
   that it is overly broad, unduly burdensome, harassing, not
   relevant to any claim or defense and disproportionate to the
   needs of this case. Defendants further object to the extent this
   request seeks to conduct premature damages discovery.

Production Response, Response to Request No. 10.  The Defendants'

objections are overruled.  The capitalization and solvency of E-MedRx is

directly related to The Pill Club's claim to pierce the corporate veil.  As

discussed above, The District Court denied Defendants' request to dismiss

this claim for relief and Plaintiff may discover information related to this

issue.  The Defendants must produce the responsive documents.

Production Request No. 11

   Production Request No. 11 asks for:

   All bank statements for every personal bank account, checking
   account, money market account or other financial account in

which Drennan maintains or otherwise keeps any personal
assets.

Production Requests, Request No. 11.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case, because Ms. Drennan's personal finances
are not at issue and because the accounting claim against her
was dismissed.

Production Response, Response No. 11.  The objection that the request is

disproportionate to the needs of this case is sustained.  The request for

documents reflecting all of Drennan's personal bank accounts is overly

broad and not proportionate to the needs of the case, particularly in light of

the District Court's dismissal of the claim for an accounting against

Drennan.

Production Request No. 12

Production Request No. 12 asks for:

A copy of the Articles of Incorporation of E-MedRx and any
amendments thereto.

Production Requests, Request No. 12.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not

relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 12.  The objection is overruled.  The

request is directly relevant to the Plaintiff's request to pierce the corporate

veil.  As discussed above, The District Court denied Defendants' request to

dismiss this claim for relief and Plaintiff may discover information related to

this issue.  The Defendants must produce the responsive documents.

Production Request No. 13

Production Request No. 13 asks for:

A copy of the Bylaws of E-MedRx and any amendments thereto.

Production Requests, Request No. 13.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 13.  The objection is overruled.  The

request is directly relevant to the Plaintiff's request to pierce the corporate

veil.  As discussed above, The District Court denied Defendants' request to

dismiss this claim for relief and Plaintiff may discover information related to

this issue.  The Defendants must produce the responsive documents.

Production Request No. 14

Production Request No. 14 asks for:

A copy of the Certificate of Incorporation from the Secretary of State evidencing the corporate existence of E-MedRx.

Production Requests, Request No. 14.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object on the grounds that the request is vague and ambiguous ("Certificate of Incorporation … evidencing the corporate existence"). Defendants further object to this request that E-MedRx's corporate existence is accessible to Plaintiff through the Illinois Secretary of State's website.

Production Response, Response No. 14.  The objections are overruled.

The term "Certificate of Incorporation" is not vague.  The status of E-MedRx's corporate existence is relevant to Plaintiff's claim to pierce the corporate veil and the cost of producing a Certificate of Incorporation is minimal.  If Defendants have no such document in their possession, custody, or control, they may say so.  The Defendants are not required to secure a document from the State of Illinois to respond to this request.

Production Request No. 15

Production Request No. 15 asks for:

A copy of the Notice of Incorporation of E-MedRx as it appeared when first published.

Production Requests, Request No. 15.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object on the grounds that the request is vague and ambiguous ("Notice of Incorporation … when first published"). Defendants further object to this request that E-MedRx's corporate existence is accessible to Plaintiff through the Illinois Secretary of State's website.

Production Response, Response No. 15. The objections are overruled.

The term "Notice of Incorporation . . . when first published" is not vague or ambiguous.  The status of E-MedRx's corporate existence is relevant to Plaintiff's claim to pierce the corporate veil and the cost of producing a Notice of Incorporation is minimal.  If Defendants have no such document in their possession, custody, or control, they may say so.  The Defendants are not required to secure a document from the State of Illinois to respond to this request.

Production Request No. 16

 Production Request No. 16 asks for:

 Copies of the minutes of all meetings of shareholders of E-MedRx.

Production Requests, Request No. 16.

 Defendants responded:

 RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case.

Production Response, Response No. 16.  The Defendants' objections are overruled.  The request is directly relevant to the Plaintiff's request to pierce the corporate veil.  As discussed above, The District Court denied Defendants' request to dismiss this claim for relief and Plaintiff may discover information related to this issue.  The Defendants shall produce the responsive documents.

Production Request No. 17

 Production Request No. 17 asks for:

 Copies of the minutes of all meetings of the Board of Directors of E-MedRx.

Production Requests, Request No. 17.

 Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or work-product doctrine.

Production Response, Response No. 17.  The Defendants' objections that the request is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case are overruled.  The request is directly relevant to the Plaintiff's request to pierce the corporate veil.  As discussed above, The District Court denied Defendants' request to dismiss this claim for relief and Plaintiff may discover information related to this issue.  The objection that some responsive materials are privileged is not a proper objection because Defendants are not required to produce privileged materials.  Defendants, however, must produce a privilege log that meets the requirements of Rule 26(b)(5)(A)(ii) for all documents withheld on claims of privilege.

Production Request No. 18

Production Request No. 18 asks for:

Copies of all documents evidencing loans from Drennan to E-MedRx.

Production Requests, Request No. 18.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 18.  The Defendants' objections are

overruled.  The financial transactions between Drennan and E-MedRx are

directly relevant to The Pill Club's claim that E-MedRx and Drennan should

be considered the same and the corporate veil should be pierced.

Defendants shall produce the responsive documents.

Production Request No. 19

Production Request No. 19 asks for:

Copies of all documents evidencing loans by E-MedRx to
Drennan.

Production Requests, Request No. 19.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 19.  The Defendants' objections are

overruled.  The financial transactions between Drennan and E-MedRx are

directly relevant to The Pill Club's claim that E-MedRx and Drennan should

be considered the same and the corporate veil should be pierced.

Defendants shall produce the responsive documents.

Production Request No. 20

      Production Request No. 20 asks for:

      Copies of all documents evidencing loans from any family
      member, relative, or friend of Drennan or any business affiliated
      with Drennan to E-MedRx.

Production Requests, Request No. 20.

      Defendants responded:

      RESPONSE: Defendants object to this request on the grounds
      that it is overly broad, unduly burdensome, harassing, not
      relevant to any claim or defense and disproportionate to the
      needs of this case.

Production Response, Response No. 20.  The Defendants' objections are

overruled.  The financial transactions between E-MedRx and Drennan's

family, relatives, friends, and affiliated businesses are directly relevant to

The Pill Club's claim that E-MedRx and Drennan should be considered the

same and the corporate veil should be pierced.  Defendants shall produce

the responsive documents.

Production Request No. 21

      Production Request No. 21 asks for:

      Copies of all documents evidencing loans by E-MedRx to any
      family member, relative, or friend of Drennan or to any business
      affiliated with Drennan.

Production Requests, Request No. 21.

      Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 21.  The Defendants' objections are

overruled.  The financial transactions between E-MedRx and Drennan's

family, relatives, friends, and affiliated businesses are directly relevant to

The Pill Club's claim that E-MedRx and Drennan should be considered the

same and the corporate veil should be pierced.  The Defendants shall

produce the responsive documents.

Production Request No. 22

Production Request No. 22 asks for:

Copies of corporate records or ledgers evidencing the identity
and address of each person or entity who has owned stock in
E-MedRx during the past five years, the consideration paid or
promised for the stock, and the date(s) on which the
consideration was paid or promised.

Production Requests, Request No. 22.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 22.  The Defendants' objections are

overruled.  The identity of stockholders and the capitalization of E-MedRx is

directly relevant to The Pill Club's claim that E-MedRx and Drennan should

be considered the same and the corporate veil should be pierced.  The

Defendants shall produce the responsive documents.

Production Request No. 23

>    Production Request No. 23 asks for:

>    Copies of corporate records or ledgers evidencing the issuance
>    of actual stock certificates at any time since the incorporation of
>    E-MedRx, to whom they were issued, and the date(s) of issue.

Production Requests, Request No. 23.

>    Defendants responded:

>    RESPONSE: Defendants object to this request on the grounds
>    that it is overly broad, unduly burdensome, harassing, not
>    relevant to any claim or defense and disproportionate to the
>    needs of this case.

Production Response, Response No. 23.  The Defendants' objections are

overruled.  The identity of stockholders of E-MedRx and whether E-MedRx

issued stock certificates is directly relevant to The Pill Club's claim that E-

MedRx and Drennan should be considered the same and the corporate veil

should be pierced.  The Defendants shall produce the responsive

documents.

Production Request No. 24

>Production Request No. 24 asks for:

>Copies of corporate records or ledgers evidencing the payment
>of dividends to any shareholder since the incorporation of E-
>MedRx, to whom the dividends were paid, the amounts paid,
>and the date(s) of payment.

Production Requests, Request No. 24.

>Defendants responded:

>RESPONSE: Defendants object to this request on the grounds
>that it is overly broad, unduly burdensome, harassing, not
>relevant to any claim or defense and disproportionate to the
>needs of this case.

Production Response, Response No. 24. The Defendants' objections are

overruled.  The formal declaring of dividends and the payment of dividends

are directly relevant to The Pill Club's claim that E-MedRx and Drennan

should be considered the same and the corporate veil should be pierced.

The Defendants shall produce the responsive documents.

Production Request No. 25

>Production Request No. 25 asks for:

>For each bank account maintained in the name of E-MedRx, a
>copy of the monthly statement for the period beginning January
>1, 2018 and ending December 31, 2020.

Production Requests, Request No. 25.

>Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case.

Production Response, Response No. 25.  The Defendants' objections are

overruled.  The bank statements are relevant to this issue of whether there

was a separation between Drennan and E-MedRx in the use of corporate

funds.  This issue is relevant to The Pill Club's claim that E-MedRx and

Drennan should be considered the same and the corporate veil should be

pierced.  Defendants shall produce the responsive documents.

Production Request No. 26

Production Request No. 26 asks for:

A copy of each document that the Defendants contend
constitutes an admission on the part of the Plaintiff with regard
to the matters which are the subject of this action.

Production Requests, Request No. 26.

Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is premature, overly broad and vague and ambiguous
("admission… with regard to the matters which are the subject
of this action). See generally documents produced by the
parties in discovery for any statements by Defendants that may
be construed as an admission. Investigation continues.

Production Response, Response No. 26.  The Defendants' objections are

sustained.  The request is vague and premature at this time.

Production Request No. 27

Production Request No. 27 asks for:

Copies of the federal and state tax returns of Drennan and E-MedRx, including all schedules and attachments, for each of the past five years.

Production Requests, Request No. 27.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case.

Production Response, Response No. 27. The Defendants' objections to the production of Drennan's tax returns are sustained. The production of Drennan's personal tax returns in not proportionate to the needs of the case, particularly because the District Court dismissed the claim for an accounting from her. The objections to the production of E-MedRx's tax returns are overruled. E-MedRx's tax returns are likely to contain information relevant to the solvency of E-MedRx and its capitalization which may be relevant to The Pill Club's request to pierce the corporate veil. Defendant E-MedRx shall produce its tax returns and related responsive documents.

Production Request No. 31

Production Request No. 31 asks for:

All computer or cyber-security policies and procedures in effect or otherwise maintained by E-MedRx from January 1, 2016 through the present.

Production Requests, Request No. 31.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object on the grounds that the request is vague and ambiguous ("computer or cyber-security policies and procedures").

Production Response, Response No. 31.  The Defendants' objection is overruled.  The Pill Club alleges that Drennan represented that E-MedRx's computer system was hacked as a reason for its failure to pay The Pill Club sums due and owing.  E-MedRx's computer or cyber-security policies and procedures would be relevant to testing the veracity of that representation. The Court finds that the term "computer or cyber-security policies and procedures" is not vague or ambiguous.  The Defendants shall produce the responsive documents.

Production Request No. 32

Production Request No. 32 asks for:

A copy of the Articles of Incorporation of Blue Sky and any amendments thereto.

Production Requests, Request No. 32.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object to this request on the grounds that it improperly attempts to conduct discovery of a non-party and circumvents Rule 45.

Production Response, Response No. 32.  The objections are overruled.

The Pill Club indicates that Drennan owns a second corporation engaged in the same business, Blue Sky Billing Solutions, Inc. (Blue Sky).  The Pill Club seeks documents from Blue Sky to see if its operations or assets have been intermingled with E-MedRx. Such intermingling would be relevant to The Pill Club's request to pierce E-MedRx's corporate veil.  The documents sought are relevant.  The request also does not circumvent Rule 45.  The Defendants must produce responsive unprivileged documents that are in their possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  If the requested documents are in the Defendants' possession, custody, or control, they must produce them pursuant to Rule 34.  If the documents are

not in the Defendants' possession, custody, or control, the Defendants may say so in their response and are not required to produce them.  The Pill Club will then need to secure the information by other means, including a subpoena under Rule 45.

Production Request No. 33

Production Request No. 33 asks for:

A copy of the Bylaws of Blue Sky and any amendments thereto.

Production Requests, Request No. 33.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object to this request on the grounds that it improperly attempts to conduct discovery of a non-party and circumvents Rule 45.

Production Response, Response No. 33.  The objections are overruled. The Pill Club seeks documents from Blue Sky to see if its operations or assets have been intermingled with E-MedRx. Such intermingling would be relevant to The Pill Club's request to pierce E-MedRx's corporate veil.  The documents sought are relevant.  The request also does not circumvent Rule 45.  The Defendants must produce responsive unprivileged documents that are in their possession, custody, or control.  Fed. R. Civ. P.

34(a)(1).  If the requested documents are in the Defendants' possession,

custody, or control, they must produce them pursuant to Rule 34.  If the

documents are not in the Defendants' possession, custody, or control, the

Defendants may say so in their response and are not required to produce

them.  The Pill Club will then need to secure the information by other

means, including a subpoena under Rule 45.

Production Request No. 34

> Production Request No. 34 asks for:

> A copy of the Certificate of Incorporation of Blue Sky from the
> Secretary of State evidencing the corporate existence of Blue
> Sky.

Production Requests, Request No. 34.

> The Defendants responded:

> RESPONSE: Defendants object to this request on the grounds
> that it is overly broad, unduly burdensome, harassing, not
> relevant to any claim or defense and disproportionate to the
> needs of this case. Defendants further object to this request on
> the grounds that it improperly attempts to conduct discovery of
> a non-party and circumvents Rule 45.

Production Response, Response No. 34.  The objections are overruled.

The Pill Club seeks documents from Blue Sky to see if its operations or

assets have been intermingled with E-MedRx. Such intermingling would be

relevant to The Pill Club's request to pierce E-MedRx's corporate veil.  The

document sought, if it exists, is relevant.  The request also does not

circumvent Rule 45.  The Defendants must produce responsive

unprivileged documents that are in their possession, custody, or control.

Fed. R. Civ. P. 34(a)(1).  If the requested document is in the Defendants'

possession, custody, or control, they must produce it pursuant to Rule 34.

If the document is not in the Defendants' possession, custody, or control,

the Defendants may say so in their response and are not required to

produce it.  The Pill Club will then need to secure the information by other

means, including a subpoena under Rule 45.

Production Request No. 35

Production Request No. 35 asks for:

A copy of the Notice of Incorporation of Blue Sky as it appeared
when first published.

Production Requests, Request No. 35.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case. Defendants further object to this request on
the grounds that it improperly attempts to conduct discovery of
a non-party and circumvents Rule 45.

Production Response, Response No. 35.  The objections are overruled.

The Pill Club seeks documents from Blue Sky to see if its operations or

assets have been intermingled with E-MedRx. Such intermingling would be

relevant to The Pill Club's request to pierce E-MedRx's corporate veil.  The

documents sought are relevant.  The request also does not circumvent

Rule 45.  The Defendants must produce responsive unprivileged

documents that are in their possession, custody, or control.  Fed. R. Civ. P.

34(a)(1).  If the requested document exists and is in the Defendants'

possession, custody, or control, they must produce it pursuant to Rule 34.

If the document is not in the Defendants' possession, custody, or control,

the Defendants may say so in their response and are not required to

produce it.  The Pill Club will then need to secure them by other means,

including a subpoena under Rule 45.

Production Request No. 36

Production Request No. 36 asks for:

Copies of the minutes of all meetings of shareholders of Blue
Sky.

Production Requests, Request No. 36.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case. Defendants further object to this request on
the grounds that it improperly attempts to conduct discovery of
a non-party and circumvents Rule 45.

<u>Production Response</u>, <u>Response No. 32</u>.  The objections are overruled. The Pill Club seeks documents from Blue Sky to see if its operations or assets have been intermingled with E-MedRx. Such intermingling would be relevant to The Pill Club's request to pierce E-MedRx's corporate veil.  The documents sought are relevant.  The request also does not circumvent Rule 45.  The Defendants must produce responsive unprivileged documents that are in their possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  If the requested documents are in the Defendants' possession, custody, or control, they must produce them pursuant to Rule 34.  If the documents are not in the Defendants' possession, custody, or control, the Defendants may say so in their response and are not required to produce them.  The Pill Club will then need to secure the information by other means, including a subpoena under Rule 45.

<u>Production Request No. 37</u>

Production Request No. 37 asks for:

Copies of all minutes of all meetings of the Board of Directors of Blue Sky.

<u>Production Requests</u>, <u>Request No. 37</u>.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the

needs of this case. Defendants further object to this request on the grounds that it improperly attempts to conduct discovery of a non-party and circumvents Rule 45.

Production Response, Response No. 37.  The objections are overruled.

The Pill Club seeks documents from Blue Sky to see if its operations or assets have been intermingled with E-MedRx.  Such intermingling would be relevant to The Pill Club's request to pierce E-MedRx's corporate veil.  The documents sought are relevant.  The request also does not circumvent Rule 45.  The Defendants must produce responsive unprivileged documents that are in their possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  If the requested documents are in the Defendants' possession, custody, or control, they must produce them pursuant to Rule 34.  If the documents are not in the Defendants' possession, custody, or control, the Defendants may say so in their response and are not required to produce them.  The Pill Club will then need to secure the information by other means, including a subpoena under Rule 45.

Production Request No. 38

Production Request No. 38 asks for:

Copies of all documents evidencing loans from Drennan to Blue Sky.

Production Requests, Request No. 38.

The Defendants responded:

Page **42** of **51**

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case.

Production Response, Response No. 38.  The Defendants' objections are sustained at this time.  The Pill Club's request for information about loan transactions between Drennan and Blue Sky are not proportionate to the needs of the case.  If The Pill Club finds information tending to show the intermingling of E-MedRx and Blue Sky assets, then The Pill Club may ask the Court to reconsider the ruling on this request.

Production Request No. 39

Production Request No. 38 asks for:

Copies of all documents evidencing loans by Blue Sky to Drennan.

Production Requests, Request No. 39.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case.

Production Response, Response No. 39.  The Defendants' objections are sustained at this time.  The Pill Club request for information about loan transactions between Drennan and Blue Sky are not proportionate to the needs of the case.  If The Pill Club finds information tending to show the

intermingling of E-MedRx and Blue Sky assets, then The Pill Club may ask

the Court to reconsider the ruling on this request.

Production Request No. 40

Production Request No. 40 asks for:

Copies of all documents evidencing loans from any family
member, relative, or friend of Drennan or any business
affiliated with Drennan to Blue Sky.

Production Requests, Request No. 40.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case. Defendants further object to this request on
the grounds that it improperly attempts to conduct discovery of
a non-party and circumvents Rule 45.

Production Response, Response No. 40.  The Defendants' objections are

sustained at this time.  The Pill Club's request for information about loan

transactions between Drennan and Blue Sky are not proportionate to the

needs of the case.  If The Pill Club finds information tending to show the

intermingling of E-MedRx and Blue Sky assets, then The Pill Club may ask

the Court to reconsider the ruling on this request.

Production Request No. 41

Production Request No. 41 asks for:

Copies of all documents evidencing loans by Blue Sky to any
family member, relative, or friend of Drennan or to any business
affiliated with Drennan.

Production Requests, Request No. 41.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case. Defendants further object to this request on
the grounds that it improperly attempts to conduct discovery of
a non-party and circumvents Rule 45.

Production Response, Response No. 41.  The Defendants' objections are

sustained at this time.  The Pill Club's request for information about loan

transactions between Drennan and Blue Sky are not proportionate to the

needs of the case.  If The Pill Club finds information tending to show the

intermingling of E-MedRx and Blue Sky assets, then The Pill Club may ask

the Court to reconsider the ruling on this request.

Production Request No. 42

Production Request No. 42 asks for:

Copies of corporate records or ledgers evidencing the identity
and address of each person or entity who has owned stock in
Blue Sky during the past five years, the consideration paid or
promised for the stock, and the date(s) on which the
consideration was paid or promised.

Production Requests, Request No. 42.

> RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object to this request on the grounds that it improperly attempts to conduct discovery of a non-party and circumvents Rule 45.

Production Response, Response No. 42.  The Defendants' objections are overruled.  The Pill Club seeks documents to see if Blue Sky's operations or assets have been intermingled with E-MedRx. Such intermingling would be relevant to The Pill Club's request to pierce E-MedRx's corporate veil. The makeup of the ownership of Blue Sky may be relevant or lead to relevant evidence to show an interrelationship between the two entities. The request does not circumvent Rule 45 because the Defendants are only required to produce responsive documents in their possession, custody, or control.  If the requested documents are not in the Defendants' possession, custody, or control, they may say so in their response.

Production Request No. 43

> Production Request No. 43 asks for:

> Copies of corporate records or ledgers evidencing the issuance of actual stock certificates at any time since the incorporation of Blue Sky, to whom they were issued, and the date(s) of issue.

Production Request, Request No. 43.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case. Defendants further object to this request on
the grounds that it improperly attempts to conduct discovery of
a non-party and circumvents Rule 45.

Production Response, Response No. 43.  The Defendants' objections are

overruled.  The Pill Club seeks documents to determine if Blue Sky's

operations or assets have been intermingled with E-MedRx. Such

intermingling would be relevant to The Pill Club's request to pierce E-

MedRx's corporate veil.  The makeup of the ownership of Blue Sky may be

relevant or lead to relevant evidence to show an interrelationship between

the two entities.  The request does not circumvent Rule 45 because the

Defendants are only required to produce responsive documents in their

possession, custody, or control.  If the requested documents are not in the

Defendants' possession, custody, or control, they may say so in their

response.

Production Request No. 44

Production Request No. 44 asks for:

Copies of corporate records or ledgers evidencing the payment
of dividends to any shareholder since the incorporation of Blue
Sky, to whom the dividends were paid, the amounts paid, and
the date(s) of payment.

Production Requests, Request No. 44.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds
that it is overly broad, unduly burdensome, harassing, not
relevant to any claim or defense and disproportionate to the
needs of this case. Defendants further object to this request on
the grounds that it improperly attempts to conduct discovery of
a non-party and circumvents Rule 45.

Production Request, Request No. 45.  The Defendants' objections are

overruled.  The Pill Club seeks documents to see if Blue Sky's operations

or assets have been intermingled with E-MedRx. Such intermingling would

be relevant to The Pill Club's request to pierce E-MedRx's corporate veil.

The distribution of Blue Sky dividends may be relevant or lead to relevant

evidence to show an interrelationship between the two entities.  The

request does not circumvent Rule 45 because the Defendants are only

required to produce responsive documents in their possession, custody, or

control.  If the requested documents are not in the Defendants' possession,

custody, or control, they may say so in their response.

Production Request No. 45

Production Request No. 45 asks for:

For each bank account maintained in the name of Blue Sky, a
copy of the monthly statement for the period beginning January
1, 2018 and ending December 31, 2020.

Production Request, Request No. 45.

The Defendants responded:

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, harassing, not relevant to any claim or defense and disproportionate to the needs of this case. Defendants further object to this request on the grounds that it improperly attempts to conduct discovery of a non-party and circumvents Rule 45.

Production Response, Response No. 45.  The Defendants' objections are sustained at this time.  The Pill Club's request for Blue Sky's bank statements are not proportionate to the needs of the case.  If The Pill Club finds information tending to show the intermingling of E-MedRx and Blue Sky assets, then The Pill Club may ask the Court to reconsider the ruling on this request.

Production Request No. 62

Production Request No. 62 asks for:

All communications among and between Defendants and any other person or entity regarding an alleged "Hack" upon E-MedRx.

Production Request, Request No. 62.

The Defendants responded:

RESPONSE: Defendants object to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, not relevant to any claim or defense and disproportional to the needs of this case. Defendant objects to this interrogatory on the grounds that it seeks information protected by the law enforcement privilege, insurer-insured privilege, attorney-client

privilege and/or work-product doctrine. Subject to and without waiving this objection, investigation continues.

Production Response, Response No. 62.  The Defendants' objections that

the request is overly broad in scope, unduly burdensome, not relevant to

any claim or defense, and not proportionate to the needs of this case are

overruled.  The requested information is directly relevant to The Pill Club's

allegations that Drennan made misrepresentations regarding the alleged

hack of E-MedRx's computer system.  The objection that the request seeks

privileged documents is overruled.  A claim of privilege is not a basis to

object because parties are not required to produce responsive privileged

material.  The Defendants must produce the responsive unprivileged

documents and must provide a privilege log that meets the requirements of

Rule 26(b)(5)(A)(ii) for all documents withheld on claims of privilege.

The Court orders Defendants to provide to The Pill Club with the

additional discovery and privilege logs required by this Opinion by August

16, 2021.  Documents withheld to meet the requirements of HIPAA shall be

included in the privilege log and shall be produced at a later date set by the

Court after the Court enters a HIPAA qualified protective order.

The Court has allowed this Motion in part.  The Court may apportion

expenses for the Motion.  Fed. R. Civ. P. 37(a)(5)(C).  The Court

determines that apportionment of expenses is not appropriate in this case.

THEREFORE, IT IS ORDERD THAT Plaintiff Mobimeds, Inc. d/b/a

The Pill Club's Motion to Compel Discovery (d/e 33) is ALLOWED in part

and DENIED in part.

ENTER:   July 30, 2021

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE