## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MOBIMEDS, INC. d/b/a THE PILL CLUB, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-3224 |
| E-MEDRX  SOLUTIONS, INC. And DEBBIE DRENNAN, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before this Court on Defendants E-MedRx

Solutions, Inc. (E-MedRx) and Debbie Drennan's First Motion to Compel

Discovery (d/e 40) (Motion). For the reasons set forth below the Motion is

ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Mobimeds, Inc. d/b/a The Pill Club's (The Pill Club) is a

pharmacy in California. The Pill Club signed a contract with Defendant E-

MedRx Solutions, Inc. (E-MedRx) to perform services as a Pharmacy

Services Administration Organization (PSAO) for The Pill Club.  A PSAO

processes pharmacy insurance claims submitted to Pharmacy Benefit

Managers (PBMs) that manage pharmacy benefits plans offered by

insurers. The Pill Club alleges that E-MedRx and its chief executive officer Defendant Drennan "engaged in a pattern of fraud and deceit with the purpose of diverting funds meant for the Plaintiff for their own benefit."  First Amended Complaint and Jury Trial Demand (d/e 13) (Amended Complaint) ¶ 2.

As part of the claims process, E-MedRx was required to provide an Explanation of Benefits (EOB) to The Pill Club with each payment of an insurance claim so that The Pill Club could track which claims were paid and how much was paid on each claim. See Amended Complaint ¶¶ 9-15. The Pill Club alleges that E-MedRx failed to remit monies due or provide required EOBs. The Pill Club alleges that E-MedRx owes it at least $2.5 million in unpaid remittances. Amended Complaint ¶ 20.

The Pill Club alleges Drennan evaded The Pill Club's efforts to get accurate EOBs and payments. The Pill Club alleges Drennan made false and evasive statements from September 2018 through April 2019 to avoid paying The Pill Club. Amended Complaint ¶¶ 21-30.  The Pill Club also alleges that Drennan and E-MedRx were so connected that the separate corporate existence of E-MedRx should be disregarded:

> Moreover, Defendant Drennan's actions and inaction on behalf of E-MedRx, including but not limited to her assertion of personal problems in an attempt to defer the responsibilities of the corporation demonstrate such unity of interest and

ownership in E-MedRx that the separate personalities of the corporation and Drennan no longer exist, and that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice upon Plaintiff.

Amended Complaint ¶ 41.

Based on these allegations, The Pill Club asserted state law claims for breach of contract, fraud, breach of fiduciary duty, conversion, an accounting, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. Amended Complaint, Counts I, II, III, IV, V, VI, and VIII. The Pill Club also asserted a federal claim for violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. Amended Complaint, Count VII. The Pill Club asked the Court in its Prayer for Relief "to pierce the corporate veil of E-MedRx and find Defendant Drennan personally liable for all damages awarded against E-MedRx and Debbie Drennan, personally." Amended Complaint, Prayer for Relief ¶ 1.i.

E-MedRx moved to dismiss all the claims except one breach of contract claim in Count I of the Complaint. The Court dismissed the accounting claim against Drennan and dismissed the RICO claim with leave to replead. Opinion entered August 17, 2020 (d/e 22) (Opinion 22), at 44.

Defendants also alleged several affirmative defenses.  Defendants alleged The Pill Club breached the contract with E-MedRx by falsely representing that The Pill Club was licensed as a pharmacy in all jurisdictions in which it sold or provided pharmaceutical products. Defendants further alleged that provider networks, PBMs, and insurers terminated their relationship with The Pill Club.  In particular, Humana terminated The Pill Club on August 19, 2019 because The Pill Club sold prescriptions without a license in numerous states.  Defendants allege that the termination by Humana constituted a termination by Medicare. Defendants allege that The Pill Club's unlawful sale of pharmaceuticals and termination of relationships with Humana and Medicare constituted a material breach of The Pill Club's agreement with E-MedRx and justified E-MedRx's termination of the agreement (collectively the Breach of Contract Defense).

Defendants also assert an affirmative defense of fraudulent misrepresentation and inducement based on the alleged false representation that The Pill Club was a licensed pharmacy in all jurisdictions in which it sold pharmaceuticals (Fraudulent Misrepresentation Defense).  Defendants alleged an alternative affirmative defense that the alleged false representations about The Pill Club's licensure resulted in a

unilateral mistake at the formation of the contract between The Pill Club

and E-MedRx and is a basis for rescission of the contract (Unilateral

Mistake Defense).  Defendants further alleged affirmative defenses for

failure to mitigate damages (Mitigation of Damages Defense) and limitation

of damages to exclude consequential, exemplary, punitive, special, or

indirect damages. Defendants alleged that the contract between the parties

excluded all such damages.  <u>First Amended Answer and Affirmative</u>

<u>Defenses to Plaintiff's First Amended Complaint (d/e 32)</u>, at 20-24,

<u>Affirmative Defenses</u>.

Defendants served interrogatories and request to produce on The Pill

Club.  The Pill Club responded.  Defendants found the responses to be

insufficient.  The parties met to try and resolve the dispute without success.

Defendants now bring this Motion.  Defendants ask the court to compel The

Pill Club to provide complete responses to Drennan's Interrogatory Nos. 2-

5, 7-9, 11-13, and 15-17; E-MedRx's Interrogatories Nos. 3, 6-9, and 11-15;

and Defendant's Request to Produce Nos. 1-6, 8-9, 13-15, 21, 28-31, 36-

44, 46, 48-55, and 59.  The Pill Club opposes the Motion.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain

discovery regarding any matter, not privileged, which is relevant to the

claim or defense of any party.  Relevant information need not be admissible

at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The discovery sought must also be proportional to the needs of the case.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown Bey v. United States, 720 F.2d 467, 470 471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999).  The party opposing discovery has the burden of proving that the requested discovery should be disallowed.  Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).  With these principles in mind, the Court addresses each discovery request at issue.

Documents Withheld Subject to the Entry of a Protective Order

The Pill Club withheld documents in its response to Drennan's Interrogatories Nos. 3, 4, and 5, and Requests Nos. 2, 3, 5, 6, 8, 9, 10, and 24 until the Court entered a HIPAA qualified protective order.  A HIPAA qualified protective order has now been entered.  Agreed Confidentiality Order (d/e 35).  The Court orders The Pill Club to produce all documents so withheld because a protective order is now in place.

Drennan Interrogatory No. 2

Interrogatory No. 2 stated:

2. Identify each person who participated in the communications described in paragraphs 21-30 of the Complaint, and for each communication, provide the person's last known home address, telephone number, email address and job title.

Declaration of Patrick R. Moran (d/e 42) (Moran Declaration), Exhibit A, Defendant Drennan's First Set of interrogatories (Drennan Interrogatories), Drennan Interrogatory No. 2. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Drennan, her agents, servants, and/or employees. Plaintiff objects to the extent the Interrogatory seeks information which is subject to the attorney-client privilege, represents work product, constitutes privileged material prepared in anticipation of litigation or is subject to any other privilege recognized at law. Notwithstanding and without waiving the foregoing objections, such persons include:

>   Nick Chang: Former President of The Pill Club, who may
>   be contacted through counsel for Plaintiff.
>   Alex Rublev: Head of Market Access at The Pill Club, who
>   may be contacted through counsel for Plaintiff.
>   Sabrina (Chasity) Loyd: Senior Revenue Accountant at
>   The Pill Club, who may be contacted through counsel for
>   Plaintiff.

Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Moran Declaration, Exhibit D, Plaintiff's Responses to Drennan's First Set of Interrogatories (Drennan Interrogatory Responses), Response to Interrogatory No. 2.

Defendants moved to compel because The Pill Club did not clearly state whether the list of individuals was complete.  The Pill Club now states that the three individuals listed are the only persons responsive to the request.  Plaintiff Mobimeds, Inc. d/b/a/ The Pill Club's Response in Opposition to Defendant's' Motion to Compel Discovery (d/e 46), at 5.  The response to Drennan Interrogatory No. 2 therefore is complete.  The Court will not compel any further response to Drennan Interrogatory No. 2.

Drennan Interrogatory No. 3

Drennan Interrogatory No. 3 asked:

>   3. Identify each Claim you contend E-MedRx failed to pay You,
>   and for each Claim, state: (a) the amount You billed; (b) the
>   entity to which the Claim was sent; (c) the amount allowed or
>   approved by the insurance company, PBM, or entity to which
>   the Claim was sent; (d) the amount You believe E-MedRx
>   should have paid You; (e) the amount E-MedRx did pay, if any;

(f) the factual basis for Your contention that E-MedRx should have paid You the amount You are claiming.

<u>Drennan Interrogatories</u>, <u>Interrogatory No. 3</u>. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Drennan, her agents, servants, and/or employees; is unduly burdensome, insofar as it seeks information that is solely within Drennan's knowledge or control and forms the basis of Plaintiff's Accounting claim against Defendants; and is intentionally harassing, insofar as it seeks information solely in the control of Defendants. Notwithstanding and without waiving the foregoing objection, Plaintiff directs Drennan to the Excel Spreadsheet previously produced to her, as well as additional discovery to be produced in response to Defendants' Requests for Production.

Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

<u>Drennan Interrogatory Responses</u>, <u>Response to Interrogatory No. 3</u>.  The Pill Club's objections are overruled.  Defendants are entitled to discover information that The Pill Club possesses even if Defendants may already have similar information.  <u>See</u> <u>In re Peregrine Financial Group Customer Litigation</u>, 2015 WL 1344466, at *3 (N.D. Ill. March 20, 2015).  The Pill Club must also identify by Bates Stamp page number (or some equivalent page designation) the specific documents produced that are responsive to this interrogatory.  The Pill Club's reference to the Excel Spreadsheet is also insufficient.  The Pill Club can refer the defendants to documents in

response to interrogatories but only if "the burden of deriving or

ascertaining answers will be substantially the same to responding party"

and if the responding party specifies "the records that must be reviewed in

sufficient detail to enable in our interrogatory interrogating party to locate

and identify them as readily as the responding party could."  Fed. R. Civ. P.

33(d).  The Pill Club's reference to an Excel Spreadsheet does not specify

the records in sufficient detail to enable the Defendants defined in the

information they seek.  The Court orders The Pill Club to produce the

responsive data in native format so that the Defendants have the same

opportunity as The Pill Club to examine the source data that serves as the

basis for The Pill Club's damage calculations.  Such a production will meet

the requirements of Rule 33(d) to provide records that will enable

Defendants to secure the information as readily as the responding party

The Pill Club.

<u>Drennan Interrogatory No. 4</u>

      Drennan Interrogatory No. 4 asked:

      4. With respect to the "accounting of the outstanding balance owed" as alleged in paragraph 20 of the Complaint, describe in detail each step taken to perform the accounting, including but not limited to: (a) the names and contact information of each person who participated in or assisted in any way with the accounting (including any accountants or other individuals specializing in financial analysis or forensic financial analysis who assisted with the accounting); (b) each Document You

reviewed or analyzed in performing the accounting; (c) the
accounting basis utilized; (e) the results of any forensic or other
financial analysis You relied on and identities of the person(s)
who performed it; and (f) the substance of any and all
communications You had with any of Your agents, employees,
officers, managers or directors or third parties in connection
with the accounting.

Drennan Interrogatories, Interrogatory No. 4. The Pill Club responded:

> Response: In addition to its general objections, which are
> incorporated herein, Plaintiff objects to this Interrogatory insofar
> as it seeks information that was or is in the possession of
> Drennan, her agents, servants, and/or employees; is overbroad
> and unduly burdensome insofar as it seeks a description of
> communications that took place months or years in the past,
> and cannot therefore be fully relayed in detail. Notwithstanding
> and without waiving the foregoing objections, Sabrina (Chasity)
> Loyd: Senior Revenue Accountant, who may be contacted
> through counsel for Plaintiff, created the subject spreadsheet
> containing the claims E-MedRx failed to reconcile. The data is
> pulled via Plaintiff's dispensing program. The claims were
> identified as all claims containing BIN numbers associated with
> those PBMs which were the payors for whom Defendants
> agreed to process claims for Plaintiff. The data is a simple sum
> of all claims for which Defendants failed to submit EOBs.
> Regarding communications about this accounting, Plaintiff will
> produce any relevant, non-privileged communications
> responsive to Defendants' Document Requests.
> Plaintiff reserves the right to amend or supplement this and any
> other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 4. The

Pill Club's objection that the Defendants already have the information is

overruled for the reasons stated above.  The Pill Club's response otherwise

answers part of the question.  This interrogatory did not ask for the data, but only asked for a description of the process for analyzing the data.

The Court further notes that The Pill Club states that it will quote produce "any relevant, non-privileged communications responsive to Defendants' Document Requests."  This response is improper.  The Court orders The Pill Club to produce all nonprivileged responsive documents not just the ones that The Pill Club deems to be relevant.  The Defendants are entitled to review all responsive documents to determine the relevance of those documents in its discovery.  Furthermore, The Pill Club must identify each responsive document withheld on a claim of privilege on a privilege log that meets the requirements of Fed. R. Civ. P. 26(b)(5)(A).

<u>Drennan Interrogatory No. 5</u>

Drennan Interrogatory No. 5 asked:

5. Describe in detail all "data" referred to in paragraph 20 of the Complaint, which You relied on for Your allegation that E-MedRx owes You "not less than $2.5 million, and likely more," and provide a description of each Document included in the scope of "data."

<u>Drennan Interrogatories</u>, <u>Interrogatory No. 5</u>. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Drennan, her agents, servants, and/or employees; is unduly burdensome, insofar as it seeks a description of thousands of individual claims which should be sought in document requests.

Plaintiff will not provide a description of every individual document but, to the extent such data is contained in a document in Plaintiff's possession, shall produce all non-privileged documents upon entry in this matter of a HIPAA compliant protective order. Plaintiff did not rely upon a "document" but rather upon Plaintiff's claims data. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 5.  The Pill Club's objection that the information is already available to the Defendants is overruled for the reasons stated above.  The Pill Club's undue burden objection is overruled to the extent that The Pill Club must conduct a reasonable search for responsive information and must supplement the response with any responsive information discovered after conducting such a search.  The Court orders The Pill Club to produce the documents withheld because the protective order had not yet been entered as the protective order has now been entered.  The Pill Club must also identify each responsive document withheld on a claim of privilege on a privilege log that meets the requirements of Fed. R. Civ. P. 26(b)(5)(A).  The Court has ordered The Pill Club to produce the responsive claims data in native format in response to Interrogatory No. 3.  If The Pill Club relied on additional data responsive to this interrogatory but not responsive to Interrogatory No. 3, the Court orders The Pill Club to produce such additional data in native format.  The Pill Club states that it relied on data,

not documents.  The documents containing the data are discoverable and

The Pill Club is ordered to produce those documents.

Drennan Interrogatory No. 7

Drennan Interrogatory No. 7 asked:

7. State the factual basis for Your contention in paragraph 1
[sic] of the Complaint that Drennan diverted corporate funds or
funds intended for You [sic] her own personal benefit.

Drennan Interrogatories, Interrogatory No. 7. The Pill Club responded:

Response: In addition to its general objections, which are
incorporated herein, Plaintiff objects to this Interrogatory insofar
as it seeks information that was or is in the possession of
Drennan, her agents, servants, and/or employees.
Notwithstanding and without waiving the foregoing objection,
Plaintiff hereby incorporates the First Amended Complaint as
though set forth in its entirety in response to this Interrogatory.
The facts as set forth in the First Amended Complaint give rise
to an inference that there is such a unity of interest and
ownership that the separate personalities of E-MedRx and
Drennan no longer exist. Plaintiff reserves the right to amend or
supplement this and any other answer to Interrogatories.

The Pill Club's objection that Drennan already knows the information

is overruled for the reasons set forth above.  The Court orders The Pill Club

to answer the interrogatory in full.  The Pill Club alleges that Drennan

diverted corporate funds or funds intended for The Pill Club for her

personal benefit.  Drennan is entitled to discover the factual basis for claim.

Sargent-Welch Scientific Co. v. Ventron Corp., 59 F.R.D. 500, 503 (N.D. Ill.

1973).  The incorporation of the First Amended Complaint by reference is

insufficient and nonresponsive.  The Pill Club is ordered to set forth each

fact on which this contention is based.

Drennan Interrogatory No. 8

Drennan Interrogatory No. 8 asked:

8. For each statement You attribute to Drennan in paragraphs
21–30 of the Complaint, state the factual basis for Your
contention that the statement is or was false.

Drennan Interrogatories, Interrogatory No. 8. The Pill Club responded:

Response: In addition to its general objections, which are
incorporated herein, Plaintiff objects to this Interrogatory insofar
as it seeks information that was or is in the possession of
Drennan, her agents, servants, and/or employees. Plaintiff
further objects to the extent the Interrogatory mischaracterizes
Plaintiff's contentions. Plaintiff has not contended that every
statement was false; rather, Plaintiff has contended that the
statements were made as part of a pattern of behavior
designed to misrepresent facts in order to induce Plaintiff to
defer action to enforce the parties' contract. Plaintiff reserves
the right to amend or supplement this and any other answer to
Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 8.

The Pill Club's objection that Drennan already knows the information

is overruled for the reasons set forth above.  The Pill Club's answer is

again nonresponsive.  The Pill Club alleges that Drennan made false

statements as part of a pattern of behavior designed to misrepresent facts

to induce The Pill Club to defer action to enforce the parties' contract.  The

Court orders The Pill Club to list each false statement that The Pill Club

contends Drennan made as a part of such pattern.  The Court further

orders The Pill Club to state the factual basis for each such contention.

Referring to the First Amended Complaint is not sufficient.  Drennan is

entitled to know all of the statements that The Pill Club contends were false

and the factual basis for those contentions.

Drennan Interrogatory No. 9

Drennan Interrogatory No. 9 asked:

9. For each statement You attribute to Drennan in paragraphs
21-30 of the Complaint, describe in detail how You relied on the
statement, including but not limited to the reason You relied the
statement, a description of the specific action or opportunity
You did not take as a result of the statement and a description
of any injury, damage or loss You suffered as a result of relying
on each statement.

Drennan Interrogatories, Interrogatory No. 9. The Pill Club responded:

Response: In addition to its general objections, which are
incorporated herein, Plaintiff objects to this Interrogatory insofar
as it seeks information that was or is in the possession of
Drennan, her agents, servants, and/or employees, is overbroad
and unduly burdensome, vague and ambiguous insofar as it
calls for speculation regarding the numerous possibilities
available to Plaintiff with respect to actions it could have chosen
to take. Notwithstanding and without waiving the foregoing
objections, and as observed by the Court in its August 17, 2020
Order denying Defendants' Motion to Dismiss Plaintiff's claims
for, among other claims, fraud, many of "the statements are
plainly inconsistent with one another." See August 17, 2020
Order at 21. Plaintiff hereby incorporates its Complaint as
though fully set forth herein, in which Plaintiff observed, at
¶¶21-24, that Drennan claimed to have "IT issues," then
claimed, "EOBs going out today," and Plaintiff received no

EOBs that day. Given that Plaintiff received no EOBs that day, it is clear that Defendants made the statement without intending to send EOBs that day, and therefore the statement was false, and it can be inferred from this exchange that Defendants had no "IT issues" that were otherwise preventing them from producing EOBs. The statements set forth in the Complaint speak for themselves, and demonstrate, as the Court observed, Drennan's inconsistent statements that demonstrate her statements, as set forth in the Complaint, cannot all be accurate. With respect to actions Plaintiff could have taken, had it known Defendant did not intend to produce EOBs or payments, such action includes but is not limited to seeking a competent PSAO replace Defendants to process and reconcile payments, termination of the contract between Plaintiff and Defendants, and bringing a dispute sooner to collect on the outstanding balance. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

<u>Drennan Interrogatory Responses</u>, <u>Response to Interrogatory No. 9</u>.

The Pill Club's objection that Drennan already knows the information is overruled for the reasons set forth above.  The Pill Club's objections that the interrogatory is overbroad and unduly burdensome, vague and ambiguous insofar as it calls for speculation are overruled.  The Pill Club alleges a claim for fraud.  The Pill Club must prove reliance as an element of this claim.  The interrogatory seeks information that shows The Pill Club relied on the alleged false statements and the damage that resulted.  The Pill Club responded with a list of what it could have done.  That list is not responsive.  The interrogatory asks for what The Pill Club actually did in reliance to the false statements.  The interrogatory also asks for what The

Pill Club actually chose to refrain from doing in reliance on the false statements. The interrogatory also asks for the damages that resulted from the reliance, to which The Pill Club did not respond.

The Court orders The Pill Club to supplement its response to this interrogatory by identifying: (1) the actions The Pill Club actually took in reliance on Drennan's statements that The Pill Club contends were false; (2) the actions that The Pill Club actually decided to refrain from taking in reliance on Drennan's statements that The Pill Club contends were false; and (3) the damage that resulted from each such action and decision to refrain from acting.

Drennan Interrogatory No. 11

Drennan Interrogatory No. 11 asked:

11. State the factual basis for Your contention in paragraph 31 of Your complaint that the statements You attribute to Drennan "represent a pattern of fraudulent behavior designed to induce Plaintiff into deferring any action to collect contractual payments or seek new PSAO services," including but not limited to a description of each act or omission You claim is part of the alleged pattern and the reason(s) You believe each act or omission is "fraudulent."

Drennan Interrogatories, Interrogatory No. 11. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Drennan, her agents, servants, and/or employees and is duplicative of Drennan's other Interrogatories. Notwithstanding

and without waiving the foregoing objection, Plaintiff hereby incorporates the First Amended Complaint as though set forth in its entirety in response to this Interrogatory, as well as Plaintiff's answers and objections to Interrogatories 8-10, above. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 11

The Pill Club's objection that Drennan already knows the information is overruled for the reasons set forth above.  The interrogatory seems duplicative of the information requested in Interrogatories Nos. 8 and 9.  If The Pill Club complies with the Court's orders and provides complete responses to Interrogatories Nos. 8 and 9, then no further response to this interrogatory is required.

Drennan Interrogatory No. 12

Drennan Interrogatory No. 12 asked:

12. Identify and describe each "action" You deferred to collect contractual payments, as alleged in paragraph 31 of Your Complaint, as a result of any statement You attribute to Drennan, including but not limited to a description of each action that was deferred, the date the action was deferred, the statement or statements that You relied on for the deferral and the action and/or opportunity that was lost as a result of each deferral.

Drennan Interrogatories, Interrogatory No. 12. The Pill Club responded:

Response: Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Drennan, her agents, servants, and/or

employees and is duplicative of Drennan's other Interrogatories. Notwithstanding and without waiving the foregoing objection, Plaintiff hereby incorporates the First Amended Complaint as though set forth in its entirety in response to this Interrogatory, as well as Plaintiff's answers and objections to Interrogatories 8-11, above. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 12.

The Pill Club's objection that Drennan already knows the information is overruled for the reasons set forth above.  The interrogatory seems duplicative of the information requested in Interrogatories Nos. 8 and 9.  If The Pill Club complies with the Court's orders and provides complete responses to Interrogatories Nos. 8 and 9, then no further response to this interrogatory is required.

Drennan Interrogatory No. 13

Drennan Interrogatory No. 13 asked:

13. Identify and describe each PSAO You could have sought services from, but did not, as a result of any statement You attribute to Drennan, including but not limited to the identity of the PSAO, whether and when You attempted to obtain the services of the PSAO, whether You had an opportunity to obtain services from the new PSAO, the reason(s) You did not obtain services from the new PSAO, and whether You submitted a written application to the PSAO.

Drennan Interrogatories, Interrogatory No. 13. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar

as it seeks information that was or is in the possession of Drennan, her agents, servants, and/or employees and is overly broad, unduly burdensome, vague and ambiguous, insofar as it seeks a recitation of every PSAO in existence doing business in the United States, which is publicly available information as easily accessible to Defendants as to Plaintiff. Notwithstanding and without waiving the foregoing objection, Plaintiff did not obtain the service of a new PSAO. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 13.

The Pill Club's objection that Drennan already knows the information is overruled for the reasons set forth above. The Court agrees with The Pill Club that the interrogatory is vague and could reasonably be interpreted as asking for a list of all PSAOs. The Court will not require any additional response to this interrogatory. The Court notes that if The Pill Club decided to refrain from contracting with a PSAO in reliance on a false statement that Drennan made, information regarding such a decision must be included in The Pill Club's supplemental response to Interrogatory No. 9 ordered above.

Drennan Interrogatory No. 15

Drennan Interrogatory No. 15 asked:

15. State the factual basis for Your contention in paragraph 33 of the Complaint that E-MedRx submitted only two payments to You totaling $275,000, including but not limited to the dates of the payments, how the payments were submitted, and a

description of each Document reflecting the payment by E-MedRx.

Drennan Interrogatories, Interrogatory No. 15. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as Defendants have reached the limit of permissible quantity of interrogatories under Fed. R. Civ. P. 33, which is 25, including all discrete subparts, and has not been granted permission to seek additional interrogatories. Accordingly, Plaintiff shall not answer any further interrogatories. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 15.

The Pill Club's objections are overruled. Drennan is entitled to ask 25 interrogatories. Fed. R. Civ. P. 33(a)(1). When considering whether subparts of an interrogatory are separate interrogatories, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33 Advisory Committee Notes to the 1993 Amendment, Comments on Subdivision (a). In light of the guidance from the Advisory Committee, the Court concludes that Interrogatory Nos. 3 and 4 are single interrogatories. Interrogatory No. 3 asked for information about each reimbursement claim The Pill Club claims E-MedRx failed to pay. The subparts are part of the same single question. Interrogatory No. 4 asks for

a description of the steps taken in performing an accounting alleged in

paragraph 20 of the Complaint.  The subparts are part of the same single

question.  Because the subparts are not counted separately, Drennan did

not exceed the limit of 25 interrogatories.  The Court orders The Pill Club to

answer Interrogatory No. 15 in full.

Drennan Interrogatory No. 16

Drennan Interrogatory No. 16 asked:

16. Identify and describe each injury or loss You claim to have
incurred in paragraph 38 of the Complaint as a result of the
termination of the Agreement by E-MedRx. In so doing, provide
the amount and basis for any and all calculations thereof and
provide any and all Documents supporting such calculations
pursuant to Fed. R. Civ. P. 34.

Drennan Interrogatories, Interrogatory No. 16. The Pill Club responded:

Response: In addition to its general objections, which are
incorporated herein, Plaintiff objects to this Interrogatory insofar
as Defendants have reached the limit of permissible quantity of
interrogatories under Fed. R. Civ. P. 33, which is 25, including
all discrete subparts, and has not been granted permission to
seek additional interrogatories. Accordingly, Plaintiff shall not
answer any further interrogatories. Plaintiff reserves the right to
amend or supplement this and any other answer to
Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 16.

The objections are overruled for the reasons stated by the Court with

respect to Interrogatory No. 15.  The Court orders The Pill Club to answer

Interrogatory No. 16 in full.

Drennan Interrogatory No. 17

Interrogatory No. 17 asked:

17. State the factual basis for Your contention that the termination of the Agreement caused or contributed to any damage, injury or loss You are claiming in this lawsuit.

Drennan Interrogatories, Interrogatory No. 17. The Pill Club responded:

Response: In addition to its general objections, which are incorporated herein, Plaintiff objects to this Interrogatory insofar as Defendants have reached the limit of permissible quantity of interrogatories under Fed. R. Civ. P. 33, which is 25, including all discrete subparts, and has not been granted permission to seek additional interrogatories. Accordingly, Plaintiff shall not answer any further interrogatories. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

Drennan Interrogatory Responses, Response to Interrogatory No. 17.

The objections are overruled for the reasons stated by the Court with

respect to Interrogatory No. 15.  The Court orders The Pill Club to answer

Interrogatory No. 17 in full.

E-MedRx Interrogatories

E-MedRx Interrogatory No. 3

E-MedRx Interrogatory No. 3 asked:

3. Have You sought and/or received an oral or written statement or affidavit or the like from any person with respect to the allegations in the Complaint? If Your answer is in the affirmative, state:
(a) the name of each such person;

(b) the date on which you sought or received the person's
statement or affidavit;
(c) whether the statement was written, oral, typed, audio
recorded and/or videotaped;
(d) if the statement was made orally, the substance of the
statement; and
(e) who is currently in possession or control of each statement
or affidavit.

Moran Declaration, Exhibit B, E-MedRx's First Set of Interrogatories (E-

MedRx Interrogatories), Interrogatory No 3. The Pill Club responded:

> Response: Plaintiff objects to the extent the Interrogatory seeks
> information which is subject to the attorney-client privilege,
> represents work product, constitutes privileged material
> prepared in anticipation of litigation or is subject to any other
> privilege recognized at law. Notwithstanding and without
> waiving the foregoing objections, none at this time. Plaintiff
> reserves the right to amend or supplement this and any other
> answer to Interrogatories.

Moran Declaration, Exhibit E, Plaintiff's Responses to E-MedRx's First Set

of Interrogatories (E-MedRx Interrogatory Responses), Response to

Interrogatory No. 3.

The Pill Club responded to this interrogatory; it has not sought or

received an oral or written statement with respect to this Complaint.  The

response is sufficient.  The Pill Club, of course, must supplement the

response should it secure any responsive documents or statements prior to

trial.  Fed. R. Civ. P. 26(e).

E-MedRx Interrogatory No. 6

E-MedRx Interrogatory No. 6 asked:

6. Identify all communications, written and oral, between You
and Defendants between 2015 and 2020, including but not
limited the date of the communication, who was involved and
the substance of the communication. The scope of this request
includes but is not limited to electronic communications and text
messages.

E-MedRx Interrogatories, Interrogatory No. 6. The Pill Club responded:

Response: Plaintiff objects to this Interrogatory to the extent it is
overly broad, unduly burdensome and irrelevant, insofar as
such Interrogatory seeks the production of documents and the
relation of facts that do not relate to or concern, nor are likely to
lead to discovery of any information relevant to or otherwise
admissible as to, a matter in dispute. Plaintiff further objects to
this Interrogatory insofar as it seeks information that was or is in
the possession of Defendants, their agents, servants, and/or
employees. Plaintiff further objects to this Interrogatory insofar
as it seeks the identification, from memory, of all
communications between the parties regardless of relevance to
these proceedings, in a manner that is unrealistic and without
legal justification. Plaintiff cannot be expected to relate every
communication between the parties' agents with precision.
Notwithstanding and without waiving the foregoing objections,
Plaintiff shall produce all relevant communications it has in its
possession in response to Defendants' Requests for Production
of documents, to the extent such are properly requested.
Plaintiff reserves the right to amend or supplement this and any
other answer to Interrogatories.

E-MedRx Interrogatory Responses, Response to Interrogatory No. 6.

The objection that the request is overly burdensome is sustained. Asking to identify every communication for five years is unduly burdensome.

The Court again notes that The Pill Club states that it will produce relevant non-privileged documents containing communications if requested in the Defendants' request for documents.  The Pill Club must produce all responsive non-privileged documents, not just the documents that The Pill Club deems to be relevant. The Pill Club shall also provide a privilege log that meets the requirements of Fed. R. Civ. P. 26(b)(5)(A) that identifies all documents withheld on a claim of privilege.

E-MedRx Interrogatory No. 7.

E-MedRx Interrogatory No. 7 asked:

7. Identify all communications, written or oral, between You and any third party (excluding Your attorneys) between 2017 and 2020 regarding any event described in the Complaint, including but not limited the date of the communication, who was involved and the substance of the communication. The scope of this request includes but is not limited to electronic communications and text messages.

E-MedRx Interrogatories, Interrogatory No. 7. The Pill Club responded:

Response: Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff further objects to this Interrogatory insofar as it seeks the identification, from memory, of all communications between the parties in a manner that is unrealistic and without legal

justification. Plaintiff cannot be expected to relate every communication between the parties' agents with precision. Notwithstanding and without waiving the foregoing objections, Plaintiff shall produce all relevant communications it has in its possession in response to Defendants' Requests for Production of Documents, to the extent such are properly requested. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

<u>E-MedRx Interrogatory Responses</u>, <u>Response to Interrogatory No. 7</u>.

The Pill Club's objection that Defendants already know the information is overruled for the reasons set forth above.  The Pill Club's objection that the request is unrealistic is overruled.  The Pill Club shall make a reasonable inquiry to identify communications and provide a response that identifies all communications found pursuant to such reasonable inquiry.

The Pill Club again states that it will provide documents that contain relevant communications in response to the Defendants' request to produce.  Again, The Pill Club's obligation is to produce all responsive non-privileged documents, not just the documents that The Pill Club deems to be relevant.  The Pill Club again must also provide a privilege log that meets the requirements of Fed. R. Civ. P. 26(b)(5)(A) that identifies all documents withheld on a claim of privilege.

E-MedRx Interrogatory No. 8

E-MedRx Interrogatory No. 8 asked:

8. Were any claims You submitted for reimbursement, which
You believe E-MedRx had any responsibility for, payable in
whole or in part under a Medicare or Medicaid plan? If Your
answer is in the affirmative, identify and describe each claim
and the corresponding Medicare or Medicaid plan.

E-MedRx Interrogatories, Interrogatory No. 8. The Pill Club responded:

Response: Plaintiff objects to this Interrogatory because it is
overly broad, unduly burdensome and irrelevant, insofar as
such Interrogatory seeks the production of documents and the
relation of facts that do not relate to or concern, nor are likely to
lead to discovery of any information relevant to or otherwise
admissible as to a matter in dispute. Whether a claim falls
under a Medicare or Medicaid plan is not at issue in this
litigation and, accordingly, Plaintiff need not answer this
Interrogatory.

E-MedRx Interrogatory Responses, Response to Interrogatory No. 8.

The Pill Club's objections are overruled.  The request is relevant for

purposes of discovery.  The First Amended Complaint does not indicate

whether E-MedRx processed claims under a Medicare or Medicaid plan for

The Pill Club.  E-MedRx, therefore, may discover whether The Pill Club's

claims are based on Medicare or Medicaid claims.  Furthermore, the

Information may lead to evidence relevant to E-MedRx's Breach of

Contract Defense and perhaps other defenses.  The Pill Club is ordered to

Answer interrogatory in full.

E-MedRx Interrogatory No. 9

E-MedRx Interrogatory No. 9 asked:

9. Describe in detail all damages and relief You claim in his action, including: the nature of the damage or relief claimed; whether you have attempted to mitigate the damage claimed and if so, how; and the amount, basis for and calculations of any monetary damages claimed to date. In so doing, provide any and all calculations thereof and provide any and all Documents supporting such calculations pursuant to Fed. R. Civ. P. 34.

E-MedRx Interrogatories, Interrogatory No. 9.  The Pill Club responded:

Response: Plaintiff objects to this Interrogatory insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff further objects to this Interrogatory insofar as it seeks a legal conclusion. Plaintiff further objects to the extent Defendants intend to state that Plaintiff could possibly mitigate its damages, as the amounts in question were always in the exclusive control of Defendants. Notwithstanding and without waiving the foregoing objections, the damages Plaintiff seeks includes, but may not be limited to, all amounts Defendants were contractually obligated to pay to Plaintiff from the PBMs for which the parties agreed Defendants would process claims submitted by Plaintiff. The amount of damages is the dollar figure representing the amount Defendants were responsible for processing and remitting to Plaintiff, minus any amounts Defendants actually submitted to Plaintiff, plus any punitive damages that may be available to Plaintiff, along with attorneys' fees and costs, and any other damages that may be revealed in the course of discovery. Plaintiff also seeks an accounting, such that it may ascertain a full and accurate statement of its damages. Its efforts to mitigate include, but are not limited to its letter of March 8, 2019, as set forth in the Amended Statement of Claims. Plaintiff reserves the right to amend or supplement this and any other answer to Interrogatories.

<u>E-MedRx Interrogatory Responses</u>, <u>Response to Interrogatory No. 9</u>.

The Pill Club's objection that Defendants already know the information is overruled for the reasons set forth above.  The objection that the question asked for a legal conclusion is also overruled.  The interrogatory asks for the amount of damages and the calculations of those damages.  That question does not ask for a legal conclusion.  The question asks whether The Pill Club has tried to mitigate damages.  This question also does not ask for a legal conclusion.  The response does not answer either of these portions of the interrogatory.  The Court orders The Pill Club to provide a supplemental answer to this interrogatory in which The Pill Club states the amount of damages claimed up to February 22, 2021, the date that Defendants served the E-MedRx Interrogatories (based on the information The Pill Club currently has).

The Court orders The Pill Club to include in the supplemental answer the calculations used to derive the amount of damages currently claimed. The Court orders The Pill Club to state in the supplemental answer any actions that it has taken to mitigate damages. The current answer to the interrogatory indicates that The Pill Club takes the position that it cannot mitigate damages under the circumstances of this case.  If that is The Pill Club's position, The Pill Club shall state why it cannot mitigate damages in

the supplemental answer.  The Court orders The Pill Club to produce all

nonprivileged documents supporting its calculation of damages.  The Pill

Club again must also provide a privilege log that meets the requirements of

Fed. R. Civ. P. 26(b)(5)(A) that identifies all documents withheld on a claim

of privilege.

E-MedRx Interrogatory No. 11

>    E-MedRx Interrogatory No. 11 asked"

>    11. Identify each bank account You had from 2015 to the
>    present in which payments from insurance companies, PSAO's
>    or any other source of revenue were deposited, including but
>    not limited to the name and address of the bank, the bank's
>    routing number, and the account number for each account You
>    identify in response to this interrogatory.

E-MedRx Interrogatories, Interrogatory No. 11.  The Pill Club responded:

>    Response: Plaintiff objects to this Interrogatory because it is
>    overly broad, unduly burdensome and irrelevant, insofar as
>    such Interrogatory seeks the production of documents and the
>    relation of facts that do not relate to or concern, nor are likely to
>    lead to discovery of any information relevant to or otherwise
>    admissible as to a matter in dispute. The information sought
>    bears no relevance to any claim or defense in this matter, and
>    Plaintiff will not answer.

E-MedRx Interrogatory Responses, Response to Interrogatory No. 11.

The Pill Club's objections are overruled.  The request is not overly

broad or unduly burdensome, and the request seeks information that may

lead to relevant evidence.  The identifying information for bank accounts

should not be difficult to obtain.  The information could allow Defendants to secure information about revenues from other sources.  That information might be relevant to the Mitigation of Damages Defense and may be relevant to The Pill Club's damage claims themselves.  The records might also show a cessation of revenues from Humana or some other source that might be relevant to the Breach of Contract Defense.  The Court orders the Pill Club to answer the interrogatory in full.

E-MedRx Interrogatory No. 12

> E-MedRx Interrogatory No. 12 asked:
>
> 12. Have You entered into any agreements with a PSAO since 2015, other than with E-MedRx? If Your answer is in the affirmative, for each PSAO state: the full legal name and, if applicable, the "doing business as" name of the PSAO, the nature and purpose of the agreement, whether the agreement is written or oral, whether the agreement has been terminated and if it has, the reason it was terminated and by whom.

E-MedRx Interrogatories, Interrogatory No. 12.  The Pill Club responded:

> Response: Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome and irrelevant, insofar as such Interrogatory seeks the production of documents and the relation of facts that do not relate to or concern, nor are likely to lead to discovery of any information relevant to or otherwise admissible as to a matter in dispute. The information sought bears no relevance to any claim or defense in this matter, and Plaintiff will not answer.

E-MedRx Interrogatory Responses, Response to Interrogatory No. 12.

The Pill Club's objections are overruled.  The request is not overly broad or unduly burdensome, and the request seeks information that may lead to relevant evidence.  The information sought may lead to evidence relevant to the Defendants' Mitigation of Damages Defense.  The information may also be relevant to the Defendants' claim that The Pill Club was terminated by other PSAOs and insurance providers which may lead to relevant evidence concerning the Defendants' Breach of Contract Defense.  The Court orders The Pill Club to answer the interrogatory in full.

E-MedRx Interrogatory No. 13

E-MedRx Interrogatory No. 13 asked:

13. Have You ever been terminated from any contract, agreement or relationship with any PSAO, PBM, health insurance company, provider network or health care provider? If Your answer is in the affirmative, state the date of the termination, the reason and/or explanation You were given for the termination and a description and location of each Document reflecting the termination or reasons for it.

E-MedRx Interrogatories, Interrogatory No. 13.  The Pill Club responded:

Response: Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome and irrelevant, insofar as such Interrogatory seeks the production of documents and the relation of facts that do not relate to or concern, nor are likely to lead to discovery of any information relevant to or otherwise admissible as to a matter in dispute. The information sought bears no relevance to any claim or defense in this matter, and Plaintiff will not answer.

<u>E-MedRx Interrogatory Responses</u>, <u>Response to Interrogatory No. 13</u>.

The Pill Club's objections are overruled in part.  The interrogatory is unduly burdensome because it does not have a time frame.  The Court in its discretion limits the interrogatory to January 1, 2018 and thereafter.  The parties entered into their contract in 2018, so January 1, 2018 is a reasonable starting date.  The interrogatory otherwise is not unduly burdensome and is likely to lead to information that is relevant to the Defendants' Breach of Contract Defense. The Court orders The Pill Club to answer the interrogatory in full for the period of January 1, 2018 to present.

<u>E-MedRx Interrogatory No. 14</u>

E-MedRx Interrogatory No. 14 asked:

14. Identify each state or jurisdiction in which You are licensed to provide any pharmaceutical services, including the date You became licensed, the identification or registration number associated with the license, whether the license is current, whether the license has been subjected to any discipline and, if the license is no longer current, the date and reason for which the license was terminated or no longer valid.

<u>E-MedRx Interrogatories</u>, <u>Interrogatory No. 14</u>. The Pill Club responded:

Response: Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome and irrelevant, insofar as such Interrogatory seeks the production of documents and the relation of facts that do not relate to or concern, nor are likely to lead to discovery of any information relevant to or otherwise admissible as to a matter in dispute. The Interrogatory is also vague and ambiguous, as "pharmaceutical services" is not a

defined term and is capable of multiple meanings.
Notwithstanding and without waiving the foregoing objection,
Plaintiff maintains licenses that permit it to distribute
pharmaceutical products in every state, as well as the District of
Columbia. Plaintiff will provide licensing information in its
discovery production. Plaintiff reserves the right to amend or
supplement this and any other answer to Interrogatories.

E-MedRx Interrogatory Responses, Response to Interrogatory No. 14.

The Pill Club's objections are overruled.  The request is relevant to

the Defendants' Breach of Contract Defense, Fraudulent Misrepresentation

Defense, and Unilateral Mistake Defense, and the request is not overly

burdensome.  The term "pharmaceutical services" is defined in the parties'

contract. See Exhibits to the Complaint (d/e 3), Exhibit A, 2018 E-MedRx

Solutions Participation Agreement dated April 25, 2018 (Agreement), §

1.e).  The Pill Club, however, states that it will provide its licensing

information in its document production.  The Court directs the Pill Club to

provide a copy of its license in every state and the District of Columbia that

authorizes The Pill Club to provide pharmaceutical services, as defined in

the parties' Agreement.  If The Pill Club does not have such a license in

each state and the District of Columbia, then the Pill Club shall supplement

its response to this interrogatory and identify each state (and/or the District

of Columbia) in which it does not have such a license.

E-MedRx Interrogatory No. 15

E-MedRx Interrogatory No. 15 asked:

15. Identify each state or other jurisdiction in the United States in which You provided pharmaceutical services from 2015-2020.

E-MedRx Interrogatories, Interrogatory No. 15. The Pill Club responded:

Response: Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome and irrelevant, insofar as such Interrogatory seeks the production of documents and the relation of facts that do not relate to or concern, nor are likely to lead to discovery of any information relevant to or otherwise admissible as to a matter in dispute. The Interrogatory is also vague and ambiguous, as "pharmaceutical services" is not a defined term and is capable of multiple meanings. Moreover, the date range predates the relevant dates for this dispute, as the parties entered into a contract on or about April 25, 2018. Notwithstanding and without waiving the foregoing objection, Plaintiff distributed pharmaceutical products in all states in which it was licensed to distribute such products at all relevant times.

E-MedRx Interrogatory Responses, Response to Interrogatory No. 15.

The Pill Club's objections are overruled.  Listing each state and jurisdiction in the United States in which The Pill Club provided pharmaceutical services is not difficult or unduly burdensome.  Again, the term pharmaceutical services is defined in the party's contract and is not vague or ambiguous.  The information sought is relevant to the Breach of Contract Defense, the Fraudulent Misrepresentation Defense, and the Unilateral Mistake Defense.  The Pill Club's response is also

nonresponsive. The Court orders the Pill Club to list each state or

jurisdiction within the United States in which The Pill Club provided

pharmaceutical services, as that term is defined in the Agreement, from

January 1, 2015 through December 31, 2020.

<u>Document Production Requests</u>

<u>Defendants' Request No. 1</u>

     Defendants' Requests No. 1 requested:

     1. All Documents memorializing, describing or reflecting any
event alleged in the Complaint.

<u>Moran Declaration</u>, Exhibit C, <u>Defendant's' First Set of Request to Produce</u>

<u>(Defendant's Production Requests)</u>, <u>Request No. 1</u>. The Pill Club

responded:

     Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome. Plaintiff objects to
this Document Request insofar as it seeks information that was
or is in the possession of Defendants, their agents, servants,
and/or employees. Plaintiff objects to this Document Request
insofar as it seeks information which is subject to the attorney-
client privilege, represents work product, constitutes privileged
material prepared in anticipation of litigation or is subject to any
other privilege recognized at law. Plaintiff objects to this
Document Request insofar as it seeks information that is not in
the purview of the knowledge of its agents, employees or
attorneys.
Notwithstanding and without waiving the foregoing objections,
Plaintiff will produce all relevant, non-privileged documents
within its possession responsive to this Request, subject to the
parties entering into a HIPAA compliant protective order.

Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Moran Declaration, Exhibit F, Plaintiff's Response to Defendants' Request to Produce (Production Request Response), Response to Request No. 1.

The Court agrees that the Request is overly broad. The Pill Club, however, agreed to produce nonprivileged documents responsive to this request once a HIPAA qualified protective order was entered. The Pill Club shall produce the nonprivileged documents responsive to the request. The Pill Club shall also produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.

Defendants' Request No. 2

Defendant's' Request No. 2 requested:

2. All Documents supporting or refuting any allegation in the Complaint.

Defendants' Production Requests, Request No. 2. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it seeks expansive production of documents that could plausibly be interpreted as supporting or refuting allegations in the Complaint. Plaintiff objects to this Document Request insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff objects to this Document Request insofar as it seeks information which is subject to the attorney-client privilege, represents work product, constitutes privileged material

prepared in anticipation of litigation or is subject to any other
privilege recognized at law. Plaintiff objects to this Document
Request insofar as it seeks information that is not in the
purview of the knowledge of its agents, employees or attorneys.

Notwithstanding and without waiving the foregoing objections,
Plaintiff will produce all relevant, non-privileged documents
within its possession responsive to this Document Request,
subject to the parties entering into a HIPAA compliant
protective order. Plaintiff reserves the right to amend or
supplement this and any other response to Requests for
Production.

Production Requests Response, Response to Requests No. 2.

The Court agrees that the Request is overly broad.  The Pill Club,

however, agreed to produce nonprivileged documents responsive to this

request once a HIPAA qualified protective order was entered. Such a

protective order has now been entered.   The Pill Club shall produce the

nonprivileged documents responsive to the request.  The Pill Club shall

also produce a privilege log that meets the requirements of Fed. R. Civ. P.

26 (b)(5)(A) that identifies any responsive documents withheld on a claim of

privilege.

Defendants' Request No. 3

Defendant's' Request No. 3 requested:

3. All Documents memorializing, describing or reflecting any
event, which, though not alleged in the Complaint, supports or
refutes the allegations in the Complaint.

Defendants' Production Requests, Request No. 3. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it seeks expansive production of documents that could plausibly be interpreted as supporting or refuting allegations in the Complaint. Plaintiff objects to this Document Request insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff objects to this Document Request insofar as it seeks information which is subject to the attorney-client privilege, represents work product, constitutes privileged material prepared in anticipation of litigation or is subject to any other privilege recognized at law. Plaintiff objects to this Document Request insofar as it seeks information that is not in the purview of the knowledge of its agents, employees or attorneys. Notwithstanding and without waiving the foregoing objections, Plaintiff will produce all relevant, non-privileged documents within its possession responsive to this Document Request, subject to the parties entering into a HIPAA compliant protective order. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Requests No. 3.

The Court agrees that the Request is overly broad. The Pill Club, however, agreed to produce nonprivileged documents responsive to this request once a HIPAA qualified protective order was entered. Such a protective order has now been entered. The Pill Club shall produce the nonprivileged documents responsive to the request. The Pill Club shall also produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.

Defendants' Request No. 4

Defendants' Request No. 4 requested:

4. All statements and/or affidavits from any person regarding
any of the events or injuries alleged in the Complaint.

Defendants Production Requests, Request No. 4. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as
it seeks information that was or is in the possession of
Defendants, their agents, servants, and/or employees. Plaintiff
objects to this Document Request insofar as it seeks
information which is subject to the attorney-client privilege,
represents work product, constitutes privileged material
prepared in anticipation of litigation or is subject to any other
privilege recognized at law. Plaintiff objects to this Document
Request insofar as it seeks information that is not in the
purview of the knowledge of its agents, employees or attorneys.
Notwithstanding and without waiving the foregoing objections,
no responsive documents currently exist. Plaintiff reserves the
right to amend or supplement this and any other response to
Requests for Production.

Production Requests Response, Response to Request No. 4.

The Pill Club's objections are overruled. The Court overrules the

Objections to this Request because The Pill Club has a continuing

obligation to supplement its response to provide any responsive documents

that come into its possession, custody, or control. Fed. R. Civ. P. 26(e)(1).

Thus, even though The Pill Club does not currently have any responsive

documents, it must produce any that come into its possession, custody, or

control.  The objection that the information is already known by the

Defendants is overruled for the reasons stated above.  The objection that the documents are subject to a claim of privilege is overruled because the claim of privilege is not a basis to refuse to respond to a request for production. Rather, The Pill Club shall provide a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.  The objection that the request seeks information not in the purview of the knowledge of The Pill Club or its agents or employees is overruled.  The Pill Club is obligated to produce responsive documents in its possession, custody, or control regardless of whether the documents are in the purview of the knowledge of The Pill Club, etc.  Fed. R. Civ. P. 34(a)(1).  Should The Pill Club acquire a statement responsive to this request, the statement will be in The Pill Club's possession, custody, or control and must be produced.

Defendants' Request No. 5

Defendants' Request No. 5 requested:

5. All Documents, video recordings or audio records reflecting any statement made by any person with respect to any of the events or injuries alleged in the Complaint, other than communications with Your attorney(s) of record in this lawsuit.

Defendants Production Requests, Request No. 5. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, as all Documents that reflect statements made by a person "with respect to" the

events and injuries alleged in the Complaint is vast, and may
include nonmaterial and non-relevant communications which
nevertheless could be interpreted as bearing "respect to" the
allegations. Plaintiff objects to this Document Request insofar
as it seeks information that was or is in the possession of
Defendants, their agents, servants, and/or employees. Plaintiff
objects to this Document Request insofar as it seeks
information which is subject to the attorney-client privilege,
represents work product, constitutes privileged material
prepared in anticipation of litigation or is subject to any other
privilege recognized at law. Plaintiff objects to this Document
Request insofar as it seeks information that is not in the
purview of the knowledge of its agents, employees or attorneys.
Notwithstanding and without waiving the foregoing objections,
no responsive video or audio recordings exist. Plaintiff will
produce all relevant, non-privileged documents within its
possession responsive to this Document Request, subject to
the parties entering into a HIPAA compliant protective order.
Plaintiff reserves the right to amend or supplement this and any
other response to Requests for Production.

Production Requests Response, Response to Request No. 5.

The Court agrees that the Request is overly broad.  The Pill Club,

however, agreed to produce nonprivileged documents responsive to this

request once a HIPAA qualified protective order was entered. Such a

protective order has now been entered.  The Pill Club shall produce the

nonprivileged documents responsive to the request. The Pill Club shall also

produce a privilege log that meets the requirements of Fed. R. Civ. P. 26

(b)(5)(A) that identifies any responsive documents withheld on a claim of

privilege.

Defendants' Request No. 6

Defendants' Request No. 6 requested:

6. All Documents containing or reflecting any communication (whether written or oral) between You and any person or entity with respect to any of the events or injuries alleged in the Complaint, other than communications with Your attorney(s) of record in this lawsuit.

Defendants Production Requests, Request No. 6. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, as all Documents that reflect statements made by a person "with respect to" the events and injuries alleged in the Complaint is vast, and may include nonmaterial and non-relevant communications which nevertheless could be interpreted as bearing "respect to" the allegations. Plaintiff objects to this Document Request insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff objects to this Document Request insofar as it seeks information which is subject to the attorney-client privilege, represents work product, constitutes privileged material prepared in anticipation of litigation or is subject to any other privilege recognized at law. Plaintiff objects to this Document Request insofar as it seeks information that is not in the purview of the knowledge of its agents, employees or attorneys. Notwithstanding and without waiving the foregoing objections, Plaintiff will produce all relevant, non-privileged documents within its possession responsive to this Document Request, subject to the parties entering into a HIPAA compliant protective order. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 6.

The Court agrees that the Request is overly broad.  The Pill Club, however, agreed to produce nonprivileged documents responsive to this request once a HIPAA qualified protective order was entered. Such a protective order has now been entered.  The Pill Club shall produce the nonprivileged documents responsive to the request.  The Pill Club shall also produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.

Defendants' Request No. 8

Defendants' Request No. 8 requested:

8. All Documents supporting or refuting any damages claimed by You.

Defendants Production Requests, Request No. 8. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff objects to this Document Request insofar as it seeks information which is subject to the attorney-client privilege, represents work product, constitutes privileged material prepared in anticipation of litigation or is subject to any other privilege recognized at law. Plaintiff objects to this Document Request insofar as it seeks information that is not in the purview of the knowledge of its agents, employees or attorneys. Notwithstanding and without waiving the foregoing objections, Plaintiff will produce all relevant, non-privileged documents within its possession responsive to this Document Request, subject to the parties entering into a HIPAA compliant protective order. Plaintiff reserves the right to amend or

supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 8.

The Pill Club's objections are overruled.  The objection that the information is already known by the Defendants is overruled for the reasons set forth above.  The objection based on privilege is overruled for the reasons set forth above.  The objection that the documents are not in the purview of the Defendant is overruled.  The Pill Club has knowledge of the damages it has sustained and seeks to recover.  The Court orders The Pill Club to produce responsive nonprivileged documents. The Pill Club shall also produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.

Defendants' Request No. 9

Defendants' Request No. 9 requested:

9. All correspondence, notes, writings, diaries, logs or journals that You prepared, received or acquired with respect to the events or injuries alleged in the Complaint.

Defendants' Production Requests, Request No. 9. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, as all Documents that reflect statements made by a person "with respect to" the events and injuries alleged in the Complaint is vast, and may include nonmaterial and non-relevant communications which

nevertheless could be interpreted as bearing "respect to" the allegations. Plaintiff objects to this Document Request insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Plaintiff objects to this Document Request insofar as it seeks information which is subject to the attorney-client privilege, represents work product, constitutes privileged material prepared in anticipation of litigation or is subject to any other privilege recognized at law. Plaintiff objects to this Document Request insofar as it seeks information that is not in the purview of the knowledge of its agents, employees or attorneys. Notwithstanding and without waiving the foregoing objections, Plaintiff will produce all relevant, non-privileged documents within its possession responsive to this Document Request, should any exist, subject to the parties entering into a HIPAA compliant protective order. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

<u>Production Requests Response</u>, <u>Response to Request No. 9</u>.

The Court agrees that the Request is overly broad. The Pill Club, however, agreed to produce nonprivileged documents responsive to this request once a HIPAA qualified protective order was entered. Such a protective order has now been entered. The Pill Club shall produce the nonprivileged documents responsive to the request. The Pill Club shall also produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.

Defendants' Request No. 13

Defendants" Request No. 13 requested:

13. The author, publisher, date(s) of publication, edition and
pages to be used of any and all studies, textbooks, booklets,
pamphlets, papers, treatises, journals, Documents, periodicals,
articles or any written material of any kind to be relied upon by
You at trial for proof or cross-examination.

Defendants' Production Requests, Request No. 13. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome insofar as it is
premature, as discovery is ongoing and is not complete, and
insofar as it seeks legal citations and authorities that may be
referred to in legal briefs. Plaintiff will produce responsive
documents where appropriate, and to the extent such
documents have been identified at a later date. Plaintiff
reserves the right to amend or supplement this and any other
response to Requests for Production.

Production Requests Response, Response to Request No. 13.

The objection that the request is premature is sustained.  Some of the

documents sought are more appropriately produced as part of expert

discovery.  The Pill Club also may not know exactly what documents may

be used on cross-examination until the Defendants' witnesses are deposed

or testify on direct.  The Court directs The Pill Club to provide within 30

days after the entry of any order on all motions for summary judgment filed

in this case, or if no summary judgment motions are filed, 30 days after the

deadline for filing dispositive motions, all responsive nonprivileged

documents of which The Pill Club is aware at that time and which have not

otherwise been  produced during discovery.

<u>Defendants' Request No. 14</u>

Defendants' Request No. 14 requested:

14. Copies of, and citations to, any statute, administrative code,
regulation, rule, ordinance, law, bylaw, or any written material of
any kind purporting to be a legal authority to be relied upon by
You at any hearing or trial for proof or cross-examination.

<u>Defendants' Production Requests</u>, <u>Request No. 14</u>. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome insofar as it is
premature, as discovery is ongoing and is not complete, and
insofar as it seeks legal citations and authorities that may be
referred to in legal briefs. Plaintiff will produce responsive
citations where appropriate, and to the extent such authorities
have been identified at a later date. Plaintiff reserves the right
to amend or supplement this and any other response to
Requests for Production.

<u>Production Requests Response</u>, <u>Response to Request No. 14</u>.

The Pill Club's objection is sustained.  The request is not proportional

to the needs of the case. The request seeks legal citations, not factual

information that might lead to relevant evidence.

Defendants' Request No. 15.

      Defendants' Request No. 15 requested:

      15. Copies of rules, regulations or bylaws of any association,
      licensing authority, accrediting authority, inspection or reviewing
      authority, public authority, certification board or any other
      private or public body which You may rely on at any hearing
      trial for proof or cross-examination.

Defendants' Production Requests, Request No. 15. The Pill Club

responded:

      Response: Plaintiff objects to this Document Request insofar as
      it is overly broad and unduly burdensome insofar as it is
      premature, as discovery is ongoing and is not complete, and
      insofar as it seeks legal citations and authorities that may be
      referred to in legal briefs. Plaintiff will produce responsive
      documents where appropriate, and to the extent such
      documents have been identified at a later date. Plaintiff
      reserves the right to amend or supplement this and any other
      response to Requests for Production.

Production Requests Response, Response to Request No. 15.

      The Pill Club's objection that the request is premature is sustained.

Some of the documents sought are more appropriately produced as part of

expert discovery.  The Pill Club also may not know exactly what documents

may be used on cross-examination until the Defendants' witnesses are

deposed or testify on direct.  The Court directs The Pill Club to provide

within 30 days after the entry of any order on all motions for summary

judgment filed in this case, or if no summary judgment motions are filed, 30

days after the deadline for filing dispositive motions, all responsive

nonprivileged documents of which The Pill Club is aware at that time and

which have not otherwise been produced during discovery.

Defendants' Request No. 21

Defendants' Request No. 21 requested:

21. Copies of all claims You submitted for reimbursement, for which You believe EMedRx had any responsibility, payable in whole or in part under a Medicare or Medicaid plan.

Defendants' Production Requests, Request No. 21. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it seems to seek physical copies of "claims" that do not exist in physical form. Such claims are submitted through software designed specifically for this purpose. Plaintiff further objects to this Request insofar as it differentiates between Medicare or Medicaid claims for which Defendant was responsible, and all other claims for which Defendants were responsible. Notwithstanding and without waiving this objection, Plaintiff will submit documentation sufficient to demonstrate all claims submitted by Plaintiff to Defendants, including information demonstrating the Bank Identification Number ("BIN") under which the claim was submitted, which shall be sufficient to demonstrate which plan was the ultimate payor. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 21.

The Pill Club's objections are overruled.  The Pill Club seeks payment

on unpaid claims.  The Pill Club must produce the claims.  The Court has

already directed The Pill Club to produce the claims data in native format as set forth above in connection with Drennan Interrogatory No. 3.  If The Pill Club has additional responsive documents not produced in response to Interrogatory No. 3, The Pill Club must produce those documents in native format.

Defendants' Request No. 28

Defendants' Requests No. 28 requested:

28. Copies of all agreements You entered into with any PSAO or PBM from 2015 to the present, other than with E-MedRx.

Defendants' Production Requests, Request No. 28. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, as the requested documents are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects, as the subject agreements are confidential and may not be disclosed. Plaintiff therefore will not produce responsive documents.

Production Requests Response, Response to Request No. 28.

The Pill Club's objections are overruled in part.  The Pill Club alleges that The Pill Club first raised the issue of missing EOBs to Defendants in September 2018.  Amended Complaint, ¶ 21.  As a result, the Court believes that The Pill Club's contracts with any other PSAO after that time may lead to relevant evidence to the Mitigation of Damages Defense.  The

parties furthermore have a protective order in place so the fact that the

documents are confidential is no longer a basis to refuse to produce them.

The Court orders The Pill Club to produce the nonprivileged responsive

documents entered into after September 1, 2018.

Defendants' Request No. 29

Defendants' Request No. 29 requested:

29. Copies of all agreements You entered into with any entity
from 2015 to the present, other than with E-MedRx, to join a
network of providers.

Defendants' Production Requests, Request No. 29. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome, as the requested
documents are not reasonably calculated to lead to the
discovery of admissible evidence. Plaintiff further objects, as
the subject agreements are confidential and may not be
disclosed. Plaintiff therefore will not produce responsive
documents.

Production Requests Response, Response to Request No. 29.

The Pill Club's objections are overruled in part.  The Pill Club alleges

that The Pill Club first raised the issue of missing EOBs to Defendants in

September 2018.  Amended Complaint, ¶ 21.  As a result, the Court

believes that The Pill Club's contracts to join a network of providers after

that time may lead to relevant evidence to the Mitigation of Damages

Defense.  The parties furthermore have a protective order in place so the

fact that the documents are confidential is no longer a basis to refuse to

produce them.  The Court orders The Pill Club to produce the nonprivileged

responsive documents entered into after September 1, 2018.

Defendants' Request No. 30

Defendants' Request No. 30 requested:

30. Copies of all agreements You entered into with any entity
from 2015 to the present, other than with E-MedRx, to process
or reconcile Claims.

Defendants' Production Requests, Request No. 30. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome, as the requested
documents are not reasonably calculated to lead to the
discovery of admissible evidence. Plaintiff further objects, as
the subject agreements are confidential and may not be
disclosed. Plaintiff therefore will not produce responsive
documents.

Production Requests Response, Response to Request No. 30.

The Pill Club's objections are overruled in part.  The Pill Club alleges

that The Pill Club first raised the issue of missing EOBs to Defendants in

September 2018.  Amended Complaint, ¶ 21.  As a result, the Court

believes that The Pill Club's contracts with entities to process and reconcile

claims after that time may lead to relevant evidence to the Mitigation of

Damages Defense.  The parties furthermore have a protective order in place so the fact that the documents are confidential is no longer a basis to refuse to produce them.  The Court orders The Pill Club to produce the nonprivileged responsive documents entered into after September 1, 2018.

<u>Defendant Request No. 31</u>

Defendants' Request No. 31 requested:

31. All Documents reflecting or related to Your termination from any contract, agreement or relationship with any PSAO, PBM, health insurance company, provider network or health care provider from 2015 to the present.

<u>Defendants' Production Requests</u>, <u>Request No. 31</u>. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, as the requested documents are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff therefore will not produce responsive documents.

<u>Production Requests Response</u>, <u>Response to Request No. 31</u>.

The Pill Club's objections are overruled.  The documents sought are relevant to the Defendants' Breach of Contract Defense, Fraudulent Misrepresentation Defense, and Unilateral Mistake Defense.  The Court orders The Pill Club to produce responsive non-privileged documents reflecting or related to Your termination from any contract, agreement, or

relationship with any PSAO, PBM, health insurance company, provider

network or health care provider after January 1, 2015.

Defendant Request No. 36

      Defendants' Request No. 36 requested:

36. Copies of each Claim you contend E-MedRx failed to pay
You.

Defendants' Production Requests, Request No. 36. The Pill Club

responded:

> Response: Plaintiff objects to this Document Request insofar as
> it is overly broad and unduly burdensome, insofar as it seems
> to seek physical copies of "claims" that do not exist in physical
> form. Plaintiff objects to this Document Request insofar as it
> seeks information that was or is in the possession of
> Defendants, their agents, servants, and/or employees. Such
> claims are submitted through software designed specifically for
> this purpose. Notwithstanding and without waiving this
> objection, Plaintiff will submit documentation sufficient to
> demonstrate all claims submitted by Plaintiff to Defendants,
> including information demonstrating the Bank Identification
> Number ("BIN") under which the claim was submitted, which
> shall be sufficient to demonstrate which plan was the ultimate
> payor. Because Defendants have failed to remit EOBs sufficient
> to reconcile any payments made by Defendants with claims
> submitted by Plaintiff, an accounting is necessary, and is
> therefore alleged as a cause of action in this matter. Plaintiff
> reserves the right to amend or supplement this and any other
> response to Requests for Production.

Production Requests Response, Response to Request No. 36.

      The Pill Club's objections are overruled.  The Pill Club alleged,

"Plaintiff has accomplished some accounting of the outstanding balance

owed, based upon its review of its own claims that it has submitted for

processing.  According to that data, E-MedRx owes the Pharmacy not less

than $2.5 million, and likely more."  Amended Complaint ¶ 20.  The Pill

Club, therefore, has alleged that it has documents reflecting the claims it

has submitted for processing.  The Pill Club wants to get paid on these

claims.  E-MedRx is entitled to discover the claims.  The Court orders The

Pill Club to provide the responsive nonprivileged documents in native

format.

Defendant Request No. 37

Defendants' Request No. 37 requested:

37. For each Claim you contend E-MedRx failed to pay You, all
Documents reflecting the amount You billed, the entity to which
the Claim was sent, the amount allowed or approved by the
insurance company, PBM, or entity to which the Claim was
sent, the amount You believe E-MedRx should have paid You
and the amount E-MedRx did pay, if any.

Defendants' Production Requests, Request No. 37. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome, insofar as it seems
to seek physical copies of "claims" that do not exist in physical
form. Plaintiff objects to this Document Request insofar as it
seeks information that was or is in the possession of
Defendants, their agents, servants, and/or employees. Such
claims are submitted through software designed specifically for
this purpose. The information sought is precisely the
information in the EOBs Plaintiff seeks from Defendants in this

lawsuit. Notwithstanding and without waiving this objection, Plaintiff will submit documentation sufficient to demonstrate all claims submitted by Plaintiff to Defendants, including information demonstrating the Bank Identification Number ("BIN") under which the claim was submitted, which shall be sufficient to demonstrate which plan was the ultimate payor. Because Defendants have failed to remit EOBs sufficient to reconcile any payments made by Defendants with claims submitted by Plaintiff, an accounting is necessary, and is therefore alleged as a cause of action in this matter. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 37.

The Pill Club's objections are overruled.  For the reasons set forth with respect to Request No. 36, the Court orders The Pill Club to produce all of the responsive documents containing responsive data in native format.

Defendant Request No. 38

Defendants' Request No. 38 requested:

38. All Documents You reviewed or relied upon for the "accounting of the outstanding balance owed" as alleged in paragraph 20 of the Complaint.

Defendants' Production Requests, Request No. 38. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it seeks information that was or is in the possession of Defendants, their agents, servants, and/or employees. Notwithstanding and without waiving this objection, Plaintiff will produce responsive documents. Plaintiff reserves the right to

amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 38.

For the reasons discussed above, The Pill Club's objections are overruled.  The Court orders The Pill Club to produce all responsive nonprivileged documents in native format.

Defendant Request No. 39

Defendants' Request No. 39 requested:

39. Copies of any spreadsheets You created in connection with the "accounting of the outstanding balance owed" as alleged in paragraph 20 of the Complaint.

Defendants' Production Requests, Request No. 39. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is wholly duplicative of Request #38, and therefore incorporates its response to Request #38 as though fully set forth herein. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 39.

The Court agrees that the request may be duplicative of Request No. 38.  Under either request, the Court orders The Pill Club to produce all spreadsheets created in connection with the accounting alleged in ¶ 20 of the Amended Complaint in native format.

Defendant Request No. 40

Defendants' Request No. 40 requested:

40. All Documents related to any financial analysis or forensic financial analysis performed as part of the accounting referred to in paragraph 20 of the Complaint.

Defendants' Production Requests, Request No. 40. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as it is wholly duplicative of Request #38, and therefore incorporates its response to Request #38 as though fully set forth herein. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 40.

The Court agrees that the request may be duplicative of Request No.

38.  Under either request, the Court orders The Pill Club to produce all

documents related to any financial analysis or forensic financial analysis

performed in connection with the accounting alleged in ¶ 20 of the

Amended Complaint in native format.

Defendant Request No. 41

Defendants' Request No. 41 requested:

41. All Documents reflecting the substance of any communications You had with any of Your agents, employees, officers, managers, directors or third parties in connection with the accounting. The scope of this request does not include attorney-client communications.

Defendants' Production Requests, Request No. 41. The Pill Club
responded:

> Response: Plaintiff objects to this Document Request insofar as
> it is wholly duplicative of Request #38, and therefore
> incorporates its response to Request #38 as though fully set
> forth herein. Plaintiff reserves the right to amend or supplement
> this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 41.

The Court agrees that the request may be duplicative of Request No.
38.  Under either request, the Court orders The Pill Club to produce all
nonprivileged communications The Pill Club had with its agents,
employees, officers, managers, directors or third parties in connection with
the accounting. The Pill Club shall also produce a privilege log that meets
the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any
responsive documents withheld on a claim of privilege.

Defendant Request No. 42

Defendants' Request No. 42 requested:

> 42. All Documents reflecting or related to the "data" referred to
> in paragraph 20 of the Complaint.

Defendants' Production Requests, Request No. 42. The Pill Club
responded:

> Response: Plaintiff objects to this Document Request insofar as
> it is wholly duplicative of Request #38, and therefore
> incorporates its response to Request #38 as though fully set

forth herein. Plaintiff reserves the right to amend or supplement
this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 42.

The Court agrees that the request may be duplicative of Request No.

38.  Under either request, the Court orders The Pill Club to produce all

nonprivileged documents reflecting or related to the "data" referred to in ¶

20 of the Amended Complaint in native format. The Pill Club shall also

produce a privilege log that meets the requirements of Fed. R. Civ. P. 26

(b)(5)(A) that identifies any responsive documents withheld on a claim of

privilege.

Defendant Request No. 43

Defendants' Request No. 43 requested:

43. Copies of all "data" You reviewed as alleged in paragraph
20 of the Complaint.

Defendants' Production Requests, Request No. 43. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is wholly duplicative of Request #38, and therefore
incorporates its response to Request #38 as though fully set
forth herein. Plaintiff reserves the right to amend or supplement
this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 43.

The Court agrees that the request may be duplicative of Request No. 38.  Under either request, the Court orders The Pill Club to produce all data in native format that The Pill Club reviewed as alleged in ¶ 20 of the Amended Complaint.

Defendant Request No. 44

Defendants' Request No. 44 requested:

44. All Documents supporting or refuting Your allegation that E-MedRx owes You "not less than $2.5 million, and likely more."

Defendants' Production Requests, Request No. 44. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is wholly duplicative of Request #38, and therefore incorporates its response to Request #38 as though fully set forth herein. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 44.

The Court agrees that the request may be duplicative of Request No. 38.  Under either request, the Court orders The Pill Club to produce all nonprivileged documents supporting or refuting The Pill Club's allegation that E-MedRx owes The Pill Club "not less than $2.5 million, and likely more."  The Pill Club shall also produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.

Defendant Request No. 46

Defendants' Request No. 46 requested:

46. All Documents supporting or refuting Your contention in
paragraph 1 of the Complaint that Drennan diverted corporate
funds or funds intended for You her own personal benefit.

Defendants' Production Requests, Request No. 46. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it seeks information that was or is in the possession of
Drennan, her agents, servants, and/or employees.
Notwithstanding and without waiving the foregoing objection,
Plaintiff hereby incorporates the First Amended Complaint as
though set forth in its entirety in response to this Request. The
facts as set forth in the First Amended Complaint give rise to an
inference that there is such a unity of interest and ownership
that the separate personalities of E-MedRx and Drennan no
longer exist. Plaintiff reserves the right to amend or supplement
this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 46.

The Court overrules The Pill Club's objection. The fact that the

documents requested include privileged documents is not a basis to object

to the document request. Further, citing the Amended Complaint is also

insufficient. The Pill Club must produce all nonprivileged documents that

are responsive to the request and must produce a privilege log that meets

the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any

responsive documents withheld on a claim of privilege. If The Pill Club has

no other documents besides the Amended Complaint that are responsive

to this documents request, The Pill Club must say so in its response.

Defendant Request No. 48

Defendants' Request No. 48 requested:

48. For each statement You attribute to Drennan in paragraphs
21-30 of the Complaint, all Documents supporting or refuting
Your contention that You relied on the statement.

Defendants' Production Requests, Request No. 48. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it is overly broad and unduly burdensome, insofar as it
encompasses every transaction Plaintiff entered into with the
expectation that Defendants would honor the contract with
Plaintiff. Notwithstanding and without waiving the foregoing
objection, Plaintiff will produce all documents demonstrating
that Plaintiff continued to submit claims to Defendants after
receiving the statements. Plaintiff reserves the right to amend
or supplement this and any other response to Requests for
Production.

Production Requests Response, Response to Request No. 48.

The Court sustains The Pill Club's objection in part.  The Court limits

the request to documents related to every statement of Drennan in ¶¶ 21-

30 of the Amended Complaint that The Pill Club alleges was false on which

The Pill Club intends to rely to prove any allegation in the Amended

Complaint.  Producing documents showing that The Pill Club continued to

submit claims is insufficient.  The request asks for all documents to support

your contentions in those paragraphs.  The Pill Club must produce all

nonprivileged documents that are responsive to the request and must

produce a privilege log that meets the requirements of Fed. R. Civ. P. 26

(b)(5)(A) that identifies any responsive documents withheld on a claim of

privilege.  If The Pill Club has no other responsive documents besides

documents showing that The Pill Club continued to submit claims after

receiving Drennan's statements, The Pill Club must say so in its response.

The Pill Club has a continuing obligation to supplement its response should

it discover additional false statements on which it intends to rely. Fed. R.

Civ. P. 26(e).

Defendant Request No. 49

> Defendants' Request No. 49 requested:
>
> 49. For each statement You attribute to Drennan in paragraphs 21-30 of the Complaint, all Documents reflecting any damage, injury or loss You incurred as a result of your reliance on the statement, including but not limited to the amount of any damage, injury or loss You are claiming in this lawsuit.

Defendants' Production Requests, Request No. 49. The Pill Club

responded:

> Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it encompasses every transaction Plaintiff entered into with the expectation that Defendants would honor the contract with Plaintiff. Notwithstanding and without waiving the foregoing objection, Plaintiff will produce all documents demonstrating

that Plaintiff continued to submit claims to Defendants after receiving the statements. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 49.

The Court overrules The Pill Club's objection.  The Pill Club alleges that Drennan made false and evasive statements from September 2018 through April 2019 to avoid paying The Pill Club. Amended Complaint ¶¶ 21-30.  Defendants are entitled to discover documents related to these allegations.  Producing documents showing that The Pill Club continued to submit claims is insufficient.  The request asks for all documents related to any damage, injury, or loss incurred as a result of relying on the alleged statements.  The Pill Club must produce all nonprivileged documents that are responsive to the request and must produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.  If The Pill Club has no other responsive documents besides documents showing that The Pill Club continued to submit claims after receiving Drennan's statements, The Pill Club must say so in its response.

Defendant Request No. 50

Defendants' Request No. 50 requested:

50. For each statement You attribute to Drennan in paragraphs 21-30 of the Complaint, all Documents supporting or refuting Your contention that Your reliance on the statement caused or contributed to any damage, injury or loss You are claiming in this lawsuit.

Defendants' Production Requests, Request No. 50. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it encompasses every transaction Plaintiff entered into with the expectation that Defendants would honor the contract with Plaintiff. Notwithstanding and without waiving the foregoing objection, Plaintiff will produce all documents demonstrating that Plaintiff continued to submit claims to Defendants after receiving the statements. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 50.

The Court overrules The Pill Club's objection.  The Pill Club alleges that Drennan made false and evasive statements from September 2018 through April 2019 to avoid paying The Pill Club. Amended Complaint ¶¶ 21-30.  Defendants are entitled to discover documents related to these allegations.  Producing documents showing that The Pill Club continued to submit claims is insufficient.  The request asks for all documents showing that The Pill Club's reliance on Drennan's alleged false statements caused

the alleged damages to The Pill Club.  The Pill Club must produce all

nonprivileged documents that are responsive to the request and must

produce a privilege log that meets the requirements of Fed. R. Civ. P. 26

(b)(5)(A) that identifies any responsive documents withheld on a claim of

privilege.  If The Pill Club has no other responsive documents besides

documents showing that The Pill Club continued to submit claims after

receiving Drennan's statements, The Pill Club must say so in its response.

Defendant Request No. 51

Defendants' Request No. 51 requested:

51. All Documents supporting or refuting Your contention in
paragraph 31 of Your complaint that the statements You
attribute to Drennan "represent a pattern of fraudulent behavior
designed to induce Plaintiff into deferring any action to collect
contractual payments or seek new PSAO services."

Defendants' Production Requests, Request No. 51. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as
it seeks information that was or is in the possession of
Defendants, and their agents, servants, and/or employees.
Plaintiff further objects to this Request insofar as it suggests
more documents are necessary to demonstrate the statements
represented the pattern of fraudulent behavior as alleged in the
Complaint. Plaintiff further incorporates the Complaint as
though fully set forth herein. Plaintiff reserves the right to
amend or supplement this and any other response to Requests
for Production.

Production Requests Response, Response to Request No. 51.

The objection that Defendants already know the information requested is overruled for the reasons stated above.  The objection that the request suggests something about the proof needed to establish an allegation is overruled.  The Defendants are entitled to discover relevant information in the possession, custody, or control of The Pill Club, not just the amount needed to prove or disprove an allegation.  The incorporation of the Amended Complaint is nonresponsive.  The Court orders The Pill Club to produce all nonprivileged documents supporting or refuting the contention from ¶ 31 of the Amended Complaint quoted in the request, and The Pill Club must produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.  If The Pill Club has no other responsive documents besides the Amended Complaint to prove or refute the quoted contention, The Pill Club must say so in its response.

Defendant Request No. 52

Defendants' Request No. 52 requested:

52.  All Documents reflecting each "action" You deferred to collect contractual payments, as alleged in paragraph 31 of Your Complaint, as a result of any statement You attribute to Drennan.

Defendants' Production Requests, Request No. 52. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it encompasses every transaction Plaintiff entered into with the expectation that Defendants would honor the contract with Plaintiff. Notwithstanding and without waiving the foregoing objection, Plaintiff will produce all documents demonstrating that Plaintiff continued to submit claims to Defendants after receiving the statements. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 52.

The objection is overruled.  The Pill Club alleged in ¶ 31 of the Amended Complaint that Drennan engaged in a pattern of fraudulent behavior designed to induce The Pill Club to defer any action to collect contractual payments.  The Defendants are entitled to discover the information in the possession, custody, or control of The Pill Club that supports or refutes that allegation.  The Court orders The Pill Club to produce all nonprivileged documents responsive to the request, and The Pill Club must produce a privilege log that meets the requirements of Fed. R. Civ. P. 26 (b)(5)(A) that identifies any responsive documents withheld on a claim of privilege.  If The Pill Club has no other responsive documents besides "all documents demonstrating that Plaintiff continued to submit claims to Defendants after receiving the statements," The Pill Club must say so in its response.

Defendant Request No. 53

Defendants' Request No. 53 requested:

53. All Documents reflecting an/or related to each PSAO You could have sought services from, but did not, as a result of any statement You attribute to Drennan.

Defendants' Production Requests, Request No. 53. The Pill Club

responded:

Response: Plaintiff objects to this Document Request insofar as it is overly broad and unduly burdensome, insofar as it encompasses essentially every PSAO doing business in the United States. Plaintiff objects to this Request insofar as it seeks information that was or is in the possession of Defendants, and their agents, servants, and/or employees. Plaintiff further objects to this request insofar as it seeks documents not in the possession of Plaintiff or its agents. Based upon the foregoing objections, Plaintiff shall not produce responsive documents.

Production Requests Response, Response to Request No. 53.

The Court sustains the objection that the request is overly broad and

unduly burdensome.  The request asks for documents related to all other

PSAOs in the country.

Defendant Request No. 54

Defendants' Request No. 54 requested:

54. All Documents reflecting an/or related to each PSAO from which You had an opportunity to obtain services, but did not, as a result of any statement You attribute to Drennan.

<u>Defendants' Production Requests</u>, <u>Request No. 54</u>. The Pill Club

responded:

> Response: Plaintiff objects to this Document Request insofar as
> it is overly broad and unduly burdensome, insofar as it
> encompasses essentially every PSAO doing business in the
> United States. Plaintiff objects to this Request insofar as it
> seeks information that was or is in the possession of
> Defendants, and their agents, servants, and/or employees.
> Plaintiff further objects to this request insofar as it seeks
> documents not in the possession of Plaintiff or its agents.
> Based upon the foregoing objections, Plaintiff shall not produce
> responsive documents.

<u>Production Requests Response</u>, <u>Response to Request No. 54</u>.

The Court sustains the objection that the request is overly broad and

unduly burdensome.  The request asks for documents related to all other

PSAOs in the country.

<u>Defendant Request No. 55</u>

Defendants' Request No. 55 requested:

55. Copies of all applications You submitted to any PSAO,
other than E-MedRx, for any purpose.

<u>Defendants' Production Requests</u>, <u>Request No. 55</u>. The Pill Club

responded:

> Response: Plaintiff objects to this Document Request insofar as
> it is overly broad, unduly burdensome, as the information
> sought is not relevant to the subject involved in this litigation nor
> reasonably calculated to lead to discovery of admissible
> evidence.

Production Requests Response, Response to Request No. 55.

The Court sustains the objection in part.  The Court limits the request to applications submitted after January 21, 2015.  The applications may lead to relevant evidence for the Defendants' affirmative defenses, including the Fraudulent Misrepresentation Defense, Unilateral Mistake Defense, and Mitigation of Damages Defense, as well as The Pill Club's claims of reliance on Drennan's alleged false statements.  The Pill Club alleges that E-MedRx's breaches began in January 2015.  The Court therefore sustains the objection with respect to applications filed before January 1, 2015.  The Court orders The Pill Club to produce all applications submitted to any PSAO, other than E-MedRx, for any purpose after January 1, 2015.

Defendant Request No. 59

Defendants' Request No. 59 requested:

59. All Documents supporting or refuting Your contention that the termination of the Agreement caused or contributed to any damage, injury or loss You are claiming in this lawsuit.

Defendants' Production Requests, Request No. 59. The Pill Club responded:

Response: Plaintiff objects to this Document Request insofar as it is wholly duplicative of Request #58. Plaintiff hereby incorporates its response to Request #58 as its response to this Request, as though fully set forth herein. Plaintiff reserves the

right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 59.  Request

No. 58 requested:

> 58. All Documents supporting or refuting any damage, injury or loss You claim to have incurred in paragraph 38 of the Complaint as a result of the termination of the Agreement by E-MedRx.

Defendants' Production Requests, Request No. 58.  The Pill Club's

responded:

> Response: Plaintiff will produce all non-privilege, responsive documents in its possession relevant to this request. Plaintiff reserves the right to amend or supplement this and any other response to Requests for Production.

Production Requests Response, Response to Request No. 58.

The Court Pill Club's objection is overruled.  Request No. 59 asked

for documents showing causation, that the termination of the Agreement

caused damage.  Request No. 58 did not ask for documents showing

causation.  The Court orders The Pill Club to produce all nonprivileged

documents responsive to Request No. 59.  The Court also orders The Pill

Club to produce a privilege log that meets the requirements of Fed. R. Civ.

P. 26 (b)(5)(A) that identifies any responsive documents withheld on a

claim of privilege.

CONCLUSION

The Court orders The Pill Club to provide Defendants with the additional discovery and privilege logs required by this Opinion by November 28, 2021.

The Court has allowed this Motion in part. The Court may apportion expenses for the Motion. Fed. R. Civ. P. 37(a)(5)(C). The Court determines that apportionment of expenses is not appropriate in this case.

THEREFORE, IT IS ORDERED THAT Defendants E-MedRx Solutions, Inc., and Debbie Drennan's First Motion to Compel Discovery (d/e 40) is ALLOWED in part and DENIED in part.

ENTER:   October 28, 2021

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE