# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MOBIMEDS, INC. d/b/a<br>The Pill Club,<br><br>      Plaintiff,<br><br>      v.<br><br>E-MEDRX SOLUTIONS, INC.<br>And DEBBIE DRENNAN,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 19-cv-3224<br>)<br>)<br>)<br>)<br>) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff MobiMeds, Inc. d/b/a The Pill Club's (The Pill Club) Motion for Sanctions for Not Obeying the Court's July 30, 2021 Discovery Order (d/e 49) (Motion for Sanctions) and Motion for Leave to File Reply in Support of Its Motion for Sanctions (d/e 54) (Motion for Leave); and Defendants E-MedRx Solutions, Inc. (E-MedRx) and Debbie Drennan's Motion for Protective Order (d/e 53).  For the reasons set forth below, the Motions are DENIED.

Motion for Leave

The parties have adequately briefed the Motion for Sanctions, so no reply is necessary.  The Pill Club, further, did not attach a proposed reply to

the Motion for Leave. Thus, allowing the Motion for Leave would only cause additional delay.

Motion for Sanctions

This Court entered an Opinion on July 30, 2021 (d/e 47) allowing in part The Pill Club's Motion to Compel Discovery (d/e 33). The Court directed Defendant E-MedRx to provide the additional discovery responses by August 16, 2021. Defendant E-MedRx asked The Pill Club for additional time to comply. Defendant E-MedRx eventually stated that the discovery would be produced in September. Defendant E-MedRx produced some, but not all, of the discovery response by September 24, 2021. The Pill Club filed the Motion for Sanctions on October 7, 2021.

The Pill Club asks the Court to strike Defendants' Answer, or alternatively, enter a finding that Defendants' liability is determined and will proceed to trial only on damages. Motion for Sanctions, attached Plaintiff MobiMeds, Inc. d/b/a The Pill Club's Memorandum of Law in Support of its Motion for Sanctions, at 2.

This Court may enter sanctions for failure to follow its discovery orders. Fed. R. Civ. P. 37(b)(2). The Court has discretion in determining whether to sanction a party. Hunt v. DaVita, Inc., 680 F.3d 775, 780 (7th Cir. 2012). In determining whether to sanction a party, the Court should

consider: (a) the frequency and magnitude of the party's failure to comply with court deadlines, (b) the effect of these failures on the court's time and schedules, (c) the prejudice to other litigants and the possible merits of the plaintiff's suit.  Rice v. City of Chicago, 333 F.3d 780, 785 (7th Cir. 2003).  Further, a sanction must be "proportionate to the circumstances." Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996).  Severe sanctions such as striking the answer and effectively entering a default as a discovery sanction requires a finding of willfulness, bad faith, or fault.  In re Golant, 239 F.3d 931, 936 (7th Cir. 2001).

In this case, E-MedRx has not repeatedly failed to comply with this Court's orders.  Further, E-MedRx's owner Defendant Debbie Drennan has explained the reasons for her delay in complying with the Court's order.  Her mother died and she had additional personal and family challenges. Declaration of Debbie L. Drennan (d/e 52).  Under the circumstances, the Court finds no evidence of bad faith and no evidence that the magnitude of Defendants' failure to comply with this Court's July 30 Opinion was egregious enough to warrant the requested sanction.

The Defendants' delay in producing discovery also will not cause a significant delay in the Court's schedule.  The Court entered an Opinion on October 28, 2021 (d/e 56) and directed The Pill Club to provide additional

discovery to Defendants.  In response, the parties requested a revision of the schedule of this case extending fact discovery to January 31, 2022.  <u>Text Order entered October 29, 2021</u>.  The Defendants' tardiness in complying with this Court's July 30, 2021 Opinion should not affect this amended schedule.

Finally, The Pill Club will not suffer prejudice by the Defendants' delay in complying with the July 30, 2021 Opinion.  Any prejudice was eliminated when the discovery schedule was extended to allow The Pill Club to comply with the October 28, 2021 Opinion.  In addition, The Pill Club seeks to pierce the corporate veil to impose personal liability on Drennan as the owner of the stock of E-MedRx.  Limited liability for corporate stockholders is fundamental to corporate law and may not be disregarded except in very limited circumstances.  Upholding such fundamental legal principles also weighs in favor of having the issue tried on the merits.  Considering all the factors, the Court in its discretion will not impose sanctions on Defendants, particularly not the draconian sanctions requested by The Pill Club.

The Court, however, must award The Pill Club attorneys fees for bringing the Motion for Sanctions because the Defendants did not comply with this Court's July 30, 2021 Opinion unless the Defendants' failure was substantially justified, or other circumstances make an award of expenses

unjust. Fed. R. Civ. P. 37(b)(2)(C). Given the death of Drennan's mother and the other personal challenges she had been facing, the Court finds that other circumstances make an award of expenses unjust in this case. The Motion for Sanctions, therefore, is denied. In the future, though, both parties should file a motion for extension of time if they cannot comply with a deadline in one of the Court's orders.

Motion for Protective Order

Defendants ask for a protective order to be relieved from producing the privilege log ordered by this Court's Opinion entered July 30, 2021. The request is denied. The Rules require a party to provide a log of responsive documents withheld on a claim of privilege. Fed. R. Civ. P. 26(b)(5)(A). If Defendants have responsive documents that they are withholding on a claim of privilege, they must produce a log that meets the requirements of Rule 26(b)(5)(A).

Defendants assert that The Pill Club wants more detailed information about withheld documents than required by Rule 26(b)(5)(A). Defendants are only required to comply with the Rule. Defendants are not required to give additional detail.

Defendants also indicate that the parties disagree on whether certain documents are responsive to The Pill Club's Interrogatory No. 14. The

interrogatory asks for detailed information about all communications regarding an alleged hack of E-MedRx's computer system. The Court overruled the objections and ordered Defendants to answer the question and provide a privilege log for any documents or information withheld on a claim of privilege. Defendants must comply with the Court's Order. Again, the Defendants only need to meet the requirements of the Rule, not any additional information that The Pill Club may want. In particular, Defendants state that they discussed the hack with their attorneys in connection with another case, <u>Empire Specialty Pharmacy Corp. v. E-MedRx Solutions, Inc.</u>, C.D. Ill. Case No. 18-3118. The privilege log for those communications will be "a list of emails, phone calls and letters between Defendants and the undersigned [attorney], and the subject matter will almost always be limited to the lawsuit Empire Specialty Pharmacy Corp. v. E-MedRx Solutions, Inc., No. 18-cv-03118." <u>Defendants' Response to Plaintiff's Motion for Sanctions (d/e 50)</u>, at 10. Such a list would be sufficient to meet the Rule for communications with counsel about this other case.

     To the extent that Defendants argue that the production of the privilege log is onerous, they should have raised that objection in response to the Interrogatory or at least in response to The Pill Club's Motion to

Compel (d/e 33).  The complaint of undue burden comes too late at this point.

THEREFORE, IT IS ORDERED that Plaintiff MobiMeds, Inc. d/b/a The Pill Club Motion for Sanctions for Not Obeying the Court's July 30, 2021 Discovery Order (d/e 49), Motion for Leave to File Reply in Support of Its Motion for Sanctions (d/e 54) (Motion for Leave), and Defendants E-MedRx Solutions, Inc., and Debbie Drennan's Motion for Protective Order (d/e 53) are DENIED.  Defendants are directed to provide all discovery called for in the July 30, 2021 Opinion (d/e 47) by November 30, 2021. Defendants are directed to produce the privilege log called for in the July 31, 2021 Opinion by December 30, 3021.

ENTER:   November 19, 2021

                          s/ *Tom Schanzle-Haskins*
                           TOM SCHANZLE-HASKINS
                     UNITED STATES MAGISTRATE JUDGE